1  MATTHEW C. LAPPLE (Cal. Bar No. 193546)
   *matt@lappleubell.com*
2  HA TRAN LAPPLE (Cal. Bar No. 225022)
   *ha@lappleubell.com*
3  LAPPLE UBELL IP LAW, LLP
   19800 MacArthur Blvd., 3rd Floor
4  Irvine, California 92612
   Telephone: (949) 756-4889
5  Facsimile: (949) 242-9789
6
7  Attorneys for Plaintiff
   GLAM AND GLITS NAIL DESIGN, INC.
8

9              UNITED STATES DISTRICT COURT

10        FOR THE CENTRAL DISTRICT OF CALIFORNIA

11                  SOUTHERN DIVISION

12

| | | |
|---|---|---|
| GLAM AND GLITS NAIL DESIGN, INC., a California corporation, | ) ) ) | Civil Case No. |
| Plaintiff, | ) ) | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| vs. | ) ) ) | 1. Breach of Contract 2. Patent Infringement of Three Design Patents |
| IGEL BEAUTY, LLC, a New Jersey limited liability company; DANIEL BUI, an individual; TU BUI, an individual; ALVIN BUI, an individual; ANDREW BUI, an individual; and DOES 1–20, inclusive. | ) ) ) ) ) ) ) ) | 3. Trade Dress Infringement 4. California Unfair Competition, BUS. AND PROF. CODE § 17200 *et seq.* |
| Defendants. | ) ) ) | **JURY TRIAL DEMAND** |

COMPLAINT FOR BREACH OF CONTRACT, INFRINGEMENT OF PATENTS & OF TRADE DRESS & UNFAIR COMP.

Plaintiff Glam and Glits Nail Design, Inc., a California corporation ("Plaintiff" or "Glam and Glits"), by and through its attorneys, asserts claims against Defendants iGel Beauty, LLC ("iGel"), Daniel Bui, Tu Bui, Alvin Bui, and Andrew Bui (collectively "the Bui Family Defendants"), and DOES 1–20 (together with all of the foregoing, "Defendants"), for violating Glam and Glits' proprietary rights in its KIARA SKY® gel- and nail-polish product lines. For its complaint, Glam and Glits alleges as follows:

## NATURE OF THE ACTION

1.      This is the second time in four years that Defendants—specifically, the Bui Family Defendants—intentionally infringed the intellectual property rights of Plaintiff Glam and Glits by marketing and selling an infringing copy of Plaintiff's famous KIARA SKY® gel and nail polish line.

## The Prior Lawsuit

2.      In July 2016, in this judicial district, Plaintiff sued entities called Ideal Salon Solutions, LLC ("ISS"), and Sky Beauty, LLC ("Sky Beauty"; together with ISS collectively, "Prior Defendants") for infringing Plaintiff's U.S. Design Patent No. D758,737 ("D'737 Patent") and infringing the trade-dress and trademark of Plaintiff's KIARA SKY® gel and nail polish line, in a lawsuit styled, *Glam and Glits Nail Design, Inc. v. Sky Beauty, LLC, Ideal Salon Solutions, LLC, and Saigon Nail Supply*, Case No. 8:16-CV-1271-JLS-KES (C.D. Cal. filed Jul 8, 2016) ("the Prior Lawsuit").

## The Settlement Agreement

3.      On or about February 7, 2017, Glam and Glits entered into a settlement agreement and release ("Settlement Agreement") with Prior Defendants. A true and correct copy of the Settlement Agreement is attached hereto as "**Exhibit A**," which Plaintiff hereby incorporates in its entirety.

4.      In the Settlement Agreement, the Prior Defendants executed:

1

      (a)    a binding acknowledgment of the validity and enforceability of the Glam and Glits' D'737 Patent, as well as

      (b)    a binding acknowledgement of the validity and non-functionality of the trade dress of the KIARA SKY® bottle ("KIARA SKY® Bottle Trade Dress").

5.    The Settlement Agreement further prohibited any further infringement of either (a) the Glam and Glits D'737 Patent or (b) the trade dress rights at issue in the Prior Lawsuit.

6.    The Settlement Agreement specifically bound all successors-in-interest to Prior Defendants ISS and Sky Beauty:

> "The Parties intend this Agreement to be legally binding upon and inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs and estates."

(Settlement Agrmt., § 23, p. 11 [Exн. A. at p. 11.)

7.    Defendant iGel is the successor-in-interest to Prior Defendant ISS.

8.    Defendant iGel is the successor-in-interest to Prior Defendant Sky Beauty.

9.    Prior Defendants ISS and Sky Beauty were owned by the Bui Family Defendants or under their control. The Settlement Agreement further establishes that the Bui Family Defendants are third-party beneficiaries of the Settlement Agreement.

### Defendant iGel Succeeds the Prior Defendants in Interest and Is the Alter Ego of the Bui Family Defendants

10.    As pleaded further below, Defendant iGel is the alter ego of the Bui Family Defendants.

11.    Therefore, the Bui Family Defendants are bound by the terms of the Settlement Agreement.

COMPLAINT FOR BREACH OF CONTRACT, INFRINGEMENT OF PATENTS & OF TRADE DRESS & UNFAIR COMP.

12.     Finally, the Settlement Agreement provided Prior Defendants a generous 6-month long "sell off period" in which to liquidate (but not advertise) the remaining inventory of the prior infringing products. Glam and Glits agreed to this sell-off period due to the representation of Prior Defendant's counsel that the Prior Defendants faced serious financial hardship and sought funds to redesign their bottle and brand identity so as not to infringe the intellectual property rights of Glam and Glits in the future. At no time did Glam and Glits license the Prior Defendants to practice the D'737 Patent or the KIARA SKY® Bottle Trade Dress.

13.     The Bui Family Defendants have now abused the past leniency and generosity of Plaintiff by again infringing the D'737 Patent and KIARA SKY® Bottle Trade Dress.

14.     Plaintiff files this complaint because Defendants show themselves to be recidivist infringers. Rather than developing their own brand identity, they again copied Plaintiffs' patented and trade-dress-protected nail polish bottle design. In doing so, Defendants breach their obligations under the Settlement Agreement, commit willful patent infringement, and willfully infringe Plaintiff's trade dress.

15.     By marketing and selling their "iGel" gel and nail polish line—which is a knockoff of Glam and Glits' distinctive and highly-successful KIARA SKY gel and nail polish line—Defendants:

     (a)     breach the Settlement Agreement;

     (b)     again infringe Glam and Glits' D'737 Patent, entitled, "NAIL POLISH BOTTLE";

     (c)     infringe Glam and Glits' U.S. Design Patent No. D836,444 ("the D'444 Patent"), entitled "NAIL POLISH BOTTLE";

     (d)     infringe Glam and Glits' U.S. Design Patent No. D813,551 ("the D'551 Patent"), entitled "NAIL POLISH BOTTLE APPLICATOR CAP";

     (e)     again infringe Glam and Glits' distinctive KIARA SKY® Bottle

3

Trade Dress and engage in unfair competition in violation of 15 U.S.C. § 1125(a); and

(f)   again engage in unfair competition in violation of the CALIFORNIA UNFAIR PRACTICES ACT, CAL. BUS. AND PROF. CODE § 17200 *et seq*.

## **PARTIES**

### **Plaintiff Glam and Glits**

16.   Plaintiff Glam and Glits is a corporation organized under the laws of the State of California. Glam and Glits has a place of business in this judicial district located at 16926 10th St., Huntington Beach, California, 90742.  Plaintiff's principal place of business is located at 8700 Swigert Court, Suite #209, Bakersfield, California, 93311.

17.   Plaintiff Glam and Glits is a manufacturer of gel and nail polish for professional manicurists—including its "KIARA SKY" gel and nail polish line—which features Glam and Glits' proprietary KIARA SKY trademarks, label design, and bottle and cap design.

18.   Plaintiff's proprietary polish line is protected by three U.S. design patents, multiple registered trademarks, and trade-dress rights.

### **Defendant iGel**

19.   Glam and Glits is informed and believes and thereon alleges that Defendant iGel is a limited liability company organized and existing under the laws of the State of New Jersey.

20.   Defendant iGel is the successor-in-interest to Prior Defendant ISS.

21.   Prior Defendant ISS used the stylized design trademark "iGel" on its nail polish products from approximately 2013 until July 2016, and, in fact, registered this "iGel" trademark as U.S. Reg. No. 4,497,886 ("the '886 Trademark Registration").

22.   Plaintiff Glam and Glits is informed, believes, and thereon alleges that,

4

1    on or about July 7, 2016, Prior Defendant ISS executed an assignment of the "iGel"

2    trademark, the '886 Trademark Registration, and all goodwill associated with the

3    "iGel" trademark to Defendant iGel.

4          23.     Plaintiff Glam and Glits is informed, believes, and thereon alleges that,

5    sometime around the time that the Prior Defendant ISS assigned its "iGel"

6    trademark, the '886 Trademark Registration, and all goodwill associated therewith to

7    Defendant iGel, Prior Defendant ISS ceased all business operations and transferred

8    its assets to Defendant iGel.

9          24.     On information and belief, Defendant iGel was formed by, and intended

10   for use by the Bui Family Defendants as a shell corporation to enable Prior

11   Defendant ISS to transfer its trademark, business operations and assets to Defendant

12   iGel in an attempt to avoid liability and to improperly shield assets from Glam and

13   Glits during the Prior Lawsuit.

14         25.     Plaintiff Glam and Glits is informed, believes, and thereon alleges that

15   there exists a unity of interest and ownership between Defendant iGel and the Bui

16   Family Defendants such that the former is an alter ego of the latter, and no

17   separateness exists between iGel and the Bui Family Defendants.

18         26.     On information and belief, the Bui Family Defendants have used

19   Defendant iGel as a mere shell, conduit, agent, and/or instrumentality through which

20   they can benefit from infringing Plaintiff's intellectual property while hiding their

21   assets and escaping from liability to Plaintiff.

22         27.     Under the circumstances, treating Defendant iGel as separate from the

23   Bui Family Defendants would permit an abuse of the corporate form and would

24   sanction fraud and promote injustice and bad faith. Among other injustices, it would

25   permit the Bui Family Defendants repeatedly to infringe another's patents,

26   trademark, and trade dress rights without personal liability.

27                            **Defendant Daniel Bui**

28         28.     Defendant Daniel Bui is an owner and manager of Defendant iGel.

29.   Defendant Daniel Bui is also the current CEO of Defendant iGel.

30.   Plaintiff Glam and Glits is informed and believes and thereon alleges that Defendant Daniel Bui also was a General Partner of Prior Defendant ISS.

31.   Plaintiff Glam and Glits further is informed, believes, and thereon alleges that Defendant Daniel Bui is a resident of New Jersey.

### Defendant Tu Bui

32.   Defendant Tu Bui is an owner and manager of Defendant iGel.

33.   Defendant Tu Bui was, at one time, the CEO of Prior Defendant ISS.

34.   Plaintiff Glam and Glits further is informed, believes, and thereon alleges that Defendant Tu Bui is a resident of New Jersey.

### Defendant Alvin Bui

35.   Defendant Alvin Bui is an owner and manager of Defendant iGel.

36.   Defendant Alvin Bui was a general partner of—and at one point in time, the registered agent for service of process for—Prior Defendant ISS.

37.   Defendant Alvin Bui also uses the alias "Tan Bui."

38.   Tan Bui was listed as a co-debtor on the bankruptcy filing of Ms. Lequyen T. Bui in 2010.

39.   Plaintiff Glam and Glits further is informed, believes, and thereon alleges that Defendant Alvin Bui is a resident of New Jersey.

### Defendant Andrew Bui

40.   Defendant Andrew Bui is an owner and manager of Defendant iGel.

41.   Defendant Andrew Bui was, at one point in time, the chief executive officer, and the registered agent for service of process, for Defendant iGel.

42.   Defendant Andrew Bui was, at one point in time, the chief executive officer of Prior Defendant ISS.

43.   Defendant Andrew Bui also was the member-manager and the chief executive officer of Prior Defendant Sky Beauty.

44.   Defendant Andrew Bui signed the Settlement Agreement on behalf of

6

1    each of the Prior Defendants.

2       45.    Defendant Andrew Bui declared bankruptcy in 2005. Defendant

3    Andrew Bui's bankruptcy was discharged in 2006.

4       46.    Defendant Andrew Bui also was listed as a co-debtor on the bankruptcy

5    filing of Ms. Lequyen T. Bui in 2010.

6       47.    Plaintiff Glam and Glits further is informed, believes, and thereon

7    alleges that Defendant Andrew Bui is a resident of New Jersey.

8       48.    Plaintiff Glam and Glits further is informed, believes, and thereon

9    alleges that Defendants Andrew Bui, Alvin Bui, Daniel Bui, and Tu Bui are brothers.

10                 **DOE Defendants**

11       49.    Plaintiff Glam and Glits further is informed, believes, and thereon

12    alleges that Defendants DOE 1–20 have participated in and are responsible for the

13    conduct complained of herein. The true names and capacities of the defendants

14    named herein as DOE 1–20 are unknown to Plaintiff, which therefore sues them

15    under these fictitious names. Plaintiff will amend this complaint to add the true

16    names and capacities of Defendants DOE 1–20 when they become known. Plaintiff

17    further alleges that all of the defendants, including the DOE defendants, were the

18    agents and principals of all of the other defendants and were acting in the course and

19    scope of their authority.

20             **ALTER EGO ALLEGATIONS**

21       50.    Plaintiff is informed, believes, and thereon alleges that Defendant iGel

22    was at all relevant times the alter ego corporation of Defendants Daniel Bui, Tu Bui,

23    Alvin Bui, and Andrew Bui by reason of the following:

24       51.    Plaintiff is informed, believes, and thereon alleges that, at all times

25    herein mentioned, each of the individuals constituting the Bui Family Defendants

26    dominated, influenced and controlled Defendant iGel and the officers thereof as well

27    as the business, property, and affairs of said corporation.

28       52.    Plaintiff is informed, believes, and thereon alleges that, at all times

herein mentioned, there existed and now exists still a unity of interest and ownership between said individual Bui Family Defendants and Defendant iGel and that the individuality and separateness of said individual Bui Family Defendants and iGel has ceased.

53.     Plaintiff is informed, believes, and thereon alleges that, at all times since the incorporation of Defendant iGel, iGel has been and now is a mere shell and naked framework which said individual Bui Family Defendants used as a conduit for the conduct of their personal business, property and affairs.

54.     Plaintiff is informed, believes, and thereon alleges that, at all times herein mentioned, Defendant iGel was created and continued pursuant to a fraudulent plan, scheme and device, and that Defendant iGel was conceived and operated by said individual Bui Family Defendants so that the income, revenue and profits of Defendant iGel was diverted by said individual Bui Family Defendants to themselves.

55.     Plaintiff is informed, believes, and thereon alleges that, at all times herein mentioned, Defendant iGel was organized by said individual Bui Family Defendants as a device to avoid individual liability and for the purpose of substituting financially irresponsible corporations in the place and stead of said individual Bui Family Defendants, and each of them, and in the place and stead of the Prior Defendants, and, accordingly, that Defendant iGel was formed with capitalization totally inadequate for the business in which said corporation was engaged.

56.     Plaintiff is informed, believes, and thereon alleges that Defendant iGel is insolvent.

57.     Plaintiff is informed, believes, and thereon alleges that Defendant iGel has been used by the Bui Family Defendants at least as part of a fraudulent attempt to avoid the liability related to the Prior Lawsuit, and to further avoid obligations imposed by the Settlement Agreement upon the Prior Defendants ISS and Sky

8

Beauty.

58.     By virtue of the foregoing, adherence to the fiction of the separate corporate existence of Defendant iGel would, under the circumstances, sanction a fraud and promote injustice in that Plaintiff would be unable to realize upon any judgment in its favor and in that Plaintiff would be denied the benefit of the bargain that it struck in the Settlement Agreement.

59.     Plaintiff is informed and believes and thereon alleges that, at all times relevant hereto, the individual Bui Family Defendants and Defendant iGel acted for each other in connection with the conduct hereinafter alleged and that each of them performed the acts complained of herein or breached the duties herein complained of as agents of each other and each therefore fully is liable for the acts of the other.

## JURISDICTION

60.     This Court has original subject matter jurisdiction over the breach-of-contract claim in this action pursuant to 28 U.S.C. § 1332. Plaintiff is incorporated in California. Defendant iGel is formed in New Jersey. Plaintiff is informed, believes, and thereon alleges that each of the Bui Family Defendants is a domiciliary of New Jersey. The amount in controversy exceeds $75,000 and further exceeds the minimum jurisdictional requirements for diversity jurisdiction.

61.     This Court has original subject matter jurisdiction over the claims in this action that relate to patent infringement and trade dress infringement pursuant to 35 U.S.C. §§ 271 and 281, 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1116(a), 1121(a), and 1125(a), as these claims arise under the laws of the United States.

62.     The Court has supplemental jurisdiction over the claims in this complaint which arise under state law pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

63.     This Court has personal jurisdiction over each Defendant.

64.     As to the breach of contract claims, each Defendant is a successor-in-

9

1    interest to the Prior Defendants ISS and Sky Beauty and, therefore, each Defendant

2    is bound by the Settlement Agreement. Each Defendant also is a third-party

3    beneficiary of the Settlement and, therefore, each Defendant is bound by the

4    Settlement Agreement. Further, as pleaded herein, Defendant iGel is the alter ego of

5    each of the Bui Family Defendants.

6         65.    The Settlement Agreement has a forum-selection clause specifying that

7    any disputes arising under the Settlement Agreement are to be resolved in the U.S.

8    District Court for the Central District of California, in its Southern Division.

9    Accordingly, each Defendants has consented to the personal jurisdiction of this

10   Court for the resolution of the present dispute regarding breach of the Settlement

11   Agreement.

12        66.    Further, each Defendant has a continuous, systematic, and substantial

13   presence within this judicial district by reason of each having sold and offered for

14   sale infringing products in this judicial district and by reason of each having

15   committed acts of patent infringement and trade dress infringement in this judicial

16   district by, *inter alia*, selling infringing gel and nail polish directly to professional

17   nail technicians and/or retailers in this district, as well as selling into the stream of

18   commerce knowing such products would be sold in California and in this judicial

19   district, which acts form a substantial part of the events or omissions giving rise to

20   Plaintiff Glam and Glits' claim.

21        67.    This Court also has personal jurisdiction over Defendants because, on

22   information and belief, Defendants and their representatives and agents have made

23   and continue to make regular visits to this judicial district (specifically, to California)

24   to promote and sell their products, including the infringing products. This Court also

25   has personal jurisdiction over Defendants because said Defendants specifically have,

26   on information and belief, targeted advertising of the infringing products to residents

27   of this judicial district.

28        68.    Venue is proper in the Central District of California with respect to

10

COMPLAINT FOR BREACH OF CONTRACT, INFRINGEMENT OF PATENTS & OF TRADE DRESS & UNFAIR COMP.

Defendants because, as pleaded herein, each Defendant:

(a) is bound by the forum-selection clause of the Settlement Agreement;

(b) is a successor-in-interest to the Prior Defendants;

(c) is a third-party beneficiary of the Settlement Agreement; and/or

(d) is an alter ego of a successor-in-interest to the Prior Defendants.

69. Venue is also proper in the Central District of California under 28 U.S.C. § 1391(b) with respect to Defendants because a substantial part of the events giving rise to the claims occurred in this judicial district and because each of the defendants is subject to the personal jurisdiction of this Court. Upon information and belief, each defendant conducts regular business within this district and, specifically, has marketed, sold, offered for sale—and continues to market the infringing products—in this judicial district, including through advertisements targeted at residents of this district.

## GENERAL ALLEGATIONS

70. Founded and operated by the husband-and-wife team of Khoa "Michael" Duong and Ana Tan, Glam and Glits grew from humble origins—with only two employees in 2007—to become a rising star in the professional nail products industry, with more than eighty employees today.

71. Nationwide, KIARA SKY products now are sold in hundreds of nail-and-beauty-supply stores, and the products and displays are featured in thousands of nail salons.

72. Glam and Glits' KIARA SKY gel and nail polish has received widespread acclaim among professional manicurists and beauty consultants. For example, professional manicurist Kimmie Kyees has used KIARA SKY polish on celebrities such as Kylie Jenner, Katy Perry, Jennifer Lopez, Kourtney Kardashian, and LeAnn Rimes.

73. KIARA SKY products also are praised by Erika Johnson, a celebrity

11

1    manicurist who has used KIARA SKY products to create the memorable nail designs

2    worn by the character "Cookie Lyon" on the hit Fox Television show, *Empire*.

3         74.    The KIARA SKY Instagram feed, which regularly features images of

4    the patented and trade dress protected KIARA SKY® bottles, currently has

5    approximately 1.2 million followers, evidencing the widespread consumer

6    recognition and appeal of the KIARA SKY® brand.

7         75.    Glam and Glits' KIARA SKY products, including its unique and

8    distinctive gel and nail polish bottles, are widely recognized within the industry as a

9    distinctive brand associated with high quality matching gel and nail polish.

10                **Glam and Glits' KIARA SKY Intellectual Property**

11        76.    Glam and Glits launched its KIARA SKY product line in July 2014.

12        77.    On June 14, 2016, the United States Patent and Trademark Office

13   ("USPTO") duly and lawfully issued United States Design Patent No. D758,737 S

14   ("the D'737 Patent"), entitled, "NAIL POLISH BOTTLE."

15        78.    Glam and Glits owns, by assignment, all right, title, and interest in the

16   D'737 Patent.

17        79.    A true and correct copy of the D'737 Patent is attached hereto as

18   "**Exhibit B**" and is hereby incorporated by reference.

19        80.    Representative images of the protected design claimed in the D'737

20   Patent are shown below:

21

22

23

24

25

26

27

28

COMPLAINT FOR BREACH OF CONTRACT, INFRINGEMENT OF PATENTS & OF TRADE DRESS & UNFAIR COMP.

1
2
3
4
5
6
7
8
9
10
11
12



13    81.    On December 25, 2018, the USPTO duly and lawfully issued United

14  States Design Patent No. D836,444, entitled, "NAIL POLISH BOTTLE." The D'444

15  Patent is continuation of, and claims priority to, the D'737 Patent.

16    82.    Glam and Glits is the owner by assignment of all right, title, and interest

17  in the D'444 Patent. A true and correct copy of the D'444 Patent is attached hereto as

18  "**Exhibit C**" and is hereby incorporated by reference. Representative images of the

19  protected design claimed in the D'444 Patent are shown below:

20
21
22
23
24
25
26
27
28

COMPLAINT FOR BREACH OF CONTRACT, INFRINGEMENT OF PATENTS & OF TRADE DRESS & UNFAIR COMP.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



83.    On December 25, 2018, the USPTO duly and lawfully issued United States Design Patent No. D813,551, entitled, "NAIL POLISH BOTTLE APPLICATOR CAP." The D'551 Patent is continuation of, and claims priority to, the D'737 Patent.

84.    Glam and Glits is the owner by assignment of all right, title, and interest in the D'551 Patent. A true and correct copy of the D'551 Patent is attached hereto as "**Exhibit D**" and is hereby incorporated by reference. Representative images of the protected design claimed in the D'551 Patent are shown below:

1
2
3
4
5
6
7
8
9
10
11



12   85.   Glam and Glits manufactures and sells gel and nail polish products
13   under the mark, KIARA SKY®, which bears a distinctive trade dress in the overall
14   design of the gel and nail polish bottles ("KIARA SKY® Bottle Trade Dress"). The
15   KIARA SKY® Bottle Trade Dress is not functional. An example of two Glam and
16   Glits KIARA SKY products bearing the distinctive KIARA SKY® Bottle Trade
17   Dress is depicted below and in the image attached as "**Exhibit E**."
18
19
20
21
22
23



24
25
26
27
28

COMPLAINT FOR BREACH OF CONTRACT, INFRINGEMENT OF PATENTS & OF TRADE DRESS & UNFAIR COMP.

86.     As a result of Glam and Glits' widespread use and display of the KIARA SKY® Bottle Trade Dress in association with its gel and nail polish products, (a) potential purchasers have come to recognize and identify nail products bearing the KIARA SKY® Bottle Trade Dress as emanating from Glam and Glits, (b) potential purchasers recognize that products bearing the KIARA SKY® Bottle Trade Dress constitute high quality products that conform to the specifications—created by Glam and Glits, and (c) the KIARA SKY® Bottle Trade Dress has established strong secondary meaning and extensive goodwill.

**The Prior Lawsuit, the Settlement Agreement**
**and Infringing Products Prohibited Thereafter**

87.     On or about July 8, 2016, Plaintiff filed the Prior Lawsuit in this judicial district.

88.     The Prior Lawsuit asserted that, *inter alia*, Prior Defendants willfully infringed the D'737 Patent and willfully infringed the KIARA SKY® Bottle Trade Dress.

89.     Prior Defendants consented to personal jurisdiction and venue in this judicial district.

90.     Prior Defendants answered the complaint in the Prior Lawsuit by asserting, *inter alia*, defenses of non-infringement and invalidity and by filing counterclaims seeking declaratory judgment that the D'737 Patent was invalid and that the KIARA SKY® Bottle Trade Dress was not distinctive and was functional.

91.     In the Prior Lawsuit, the accused products were the "Sky Match" products. An example of these prior accused products are shown in the photograph below:

COMPLAINT FOR BREACH OF CONTRACT, INFRINGEMENT OF PATENTS & OF TRADE DRESS & UNFAIR COMP.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15




16    92.    The Prior Lawsuit was resolved by execution of the Settlement

17 Agreement (Exh. A).

18    93.    By executing the Settlement Agreement, the Prior Defendants agreed to

19 cease sales of the "Sky Match" products, subject to a limited duration sell-off period,

20 and further agreed to:

21                    "b. stop making (or having made), using,

22                    selling, offering for sale or importing any

23                    combination bottle-and-cap that, in the eye of

24                    an ordinary observer, is substantially similar to

25                    the design claimed in the D'737 Patent; and

26                     "c. stop selling, offering for sale, marketing,

27                    promoting or advertising any combination

28

17

1        bottle-and-cap that infringes the KIARA SKY®

2        bottle trade dress or that bears a trade dress that

3        is likely to confuse consumers with the KIARA

4        SKY® bottle trade dress."

5 (EXH. A, ¶ 1(b)(c).)

6   94.  By executing the Settlement Agreement, Prior Defendants also agreed

7 that:

8        "For any and all future products, Defendants

9        shall use a cap that is different from the current

10       SKY MATCH cap, and a bottle that is different

11       from the current SKY MATCH bottle. Such

12       new bottle and cap designs shall not infringe

13       the D'737 patent or the KIARA SKY® bottle

14       trade dress."

15 (EXH.A, ¶ 2.)

16   95.  By executing the Settlement Agreement, Prior Defendants also agreed

17 that:

18        "For a period of one (1) year from the Effective

19       Date of this Agreement, Defendants Sky

20       Beauty and ISS will provide Glam and Glits

21       with images of the proposed new bottle and

22       proposed new cap at least thirty (30) days prior

23       to making, using, selling, offering for sale,

24       importing, marketing, advertising or otherwise

25       promoting a new nail polish, gel polish, or other

26       nail product that is bottled (hereinafter

27       "Defendants' New Design Product").

28       Defendants Sky Beauty and ISS shall not make,

1          use, sell, offer for sale, import, market,

2          advertise or promote Defendants' New Design

3          Product without the prior approval of Plaintiff

4          Glam and Glits, of said Defendants' New

5          Design."

6  (EXH. A, ¶ 3.)

7          96.    By executing the Settlement Agreement, Prior Defendants also:

8          "…hereby agree, acknowledge and admit that

9          the claim of the D'737 patent is valid and

10          enforceable. Defendants, and each of them,

11          shall not take any further action to advocate or

12          assert that the claim of the D'737 patent is

13          invalid or unenforceable."

14  (EXH. A, ¶ 8.)

15          97.    By executing the Settlement Agreement, Prior Defendants also:

16          "…hereby agree, acknowledge and admit that

17          the KIARA SKY® bottle trade dress is valid,

18          non-functional, and enforceable. Defendants,

19          and each of them, shall take no action to

20          advocate or assert that the KIARA SKY®

21          bottle trade dress is invalid, functional, or

22          unenforceable."

23  (EXH. A, ¶ 10.)

24          98.    Defendant iGel is bound by the Settlement Agreement.

25          99.    The Bui Family Defendants, and each of them, are bound by the

26  Settlement Agreement.

27          100.   The Defendant DOES 1–20 are bound by the Settlement Agreement.

28

19

**Defendant iGel's Infringing Products**

101.   Without permission or consent from Plaintiff Glam and Glits, Defendants are making, offering for sale, distributing, marketing, advertising and/or selling an infringing two-step soak-off gel polish and a nail polish called "iGel."

102.   A photograph of samples of the infringing iGel products are shown below:



103.   At no time prior to the date that Defendants began using their infringing iGel bottle design did Defendants, or the Prior Defendants, "provide Glam and Glits with images of the proposed new bottle and proposed new cap at least thirty (30) days prior to making, using, selling, offering for sale, importing, marketing, advertising or otherwise promoting a new nail polish, gel polish, or other nail product that is bottled."

104.   Defendants did not begin using their infringing bottle design, the subject bottle trade dress in connection with two-step gel polish, or any other nail product until long after Plaintiff Glam and Glits began using both the KIARA SKY® mark and its patented, distinctive, non-functional, and trade dress protected KIARA SKY

20

bottle design.

105.   Defendants' unauthorized use of the infringing bottle design is intended to trade upon the goodwill and substantial recognition associated with Plaintiff Glam and Glits and the patented, distinctive and non-functional trade-dress protected KIARA SKY bottle design.

106.   Defendants are using their infringing bottle design in an attempt to associate their gel and nail polish products with Plaintiff Glam and Glits and the KIARA SKY brand, to cause mistake or deception as to the source of Defendants' gel and nail polish products, and/or to otherwise trade upon Plaintiff Glam and Glits' valuable reputation and customer goodwill in the KIARA SKY brand identity.

107.   Defendants' use of their infringing iGel bottle design is designed to cause confusion, mistake, or deception with respect to the authentic KIARA SKY® products.

108.   By virtue of the acts complained of herein, Defendant has created a likelihood of injury to Plaintiff Glam and Glits' business reputation, has caused a strong likelihood of consumer and/or potential purchaser confusion, mistake, and deception as to the source of or origin or relationship of Plaintiff Glam and Glits' and Defendants' goods, has caused actual confusion, and has otherwise competed unfairly with Plaintiff Glam and Glits by unlawfully trading on and using the KIARA SKY Bottle Trade Dress without Glam and Glits' permission or consent.

109.   Defendants, and each of them, had actual knowledge of the D'737 Patent and the KIARA SKY Bottle Trade Dress prior to making, using, selling, or offering to sell the infringing iGel products.

110.   Therefore, the acts of infringement by Defendants, and each of them, complained of herein with respect to the D'737 Patent and the KIARA SKY® Bottle Trade Dress are willful and deliberate.

111.   Plaintiff is informed, believes, and thereon alleges that Defendants were aware of the D'551 Patent and the D'444 Patent.

21

112.   Plaintiff is informed, believes, and thereon alleges that the acts of infringement by Defendants complained of herein with respect to the D'444 Patent and the D'551 Patent are willful and deliberate. Therefore, Plaintiff Glam and Glits alleges that the acts of infringement with respect to the D'444 and D'551 Patents are willful and deliberate.

113.   Alternatively, Glam and Glits alleges that the acts of infringement by Defendants complained of herein were taken with reckless disregard of Glam and Glits' intellectual property rights such that Defendants knew or should have known that their actions constituted infringement of Glam and Glits' intellectual property rights. Defendants' acts of infringement were not, and are not, consistent with the standards of commerce for the professional nail products industry.

114.   Glam and Glits has never licensed a third-party to use any of the Patents-in-Suit.

115.   Glam and Glits has never licensed a third-party to use the KIARA SKY® Bottle Trade Dress.

116.   Defendants' acts complained of herein have caused Glam and Glits to suffer irreparable injury to its business. Glam and Glits will suffer substantial loss of goodwill and reputation unless and until Defendant is preliminarily and permanently enjoined from its wrongful actions complained of herein. Glam and Glits has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### Breach of Contract for Settlement of Prior Lawsuit
### (against all Defendants)

117.   Glam and Glits repeats and re-alleges the allegations of the previous paragraphs of this Complaint as if set forth fully herein.

118.    On or about February 7, 2017, Plaintiff Glam and Glits entered into a binding and enforceable contract with the Prior Defendants, which is attached hereto as Exhibit A, and referred to herein as the Settlement Agreement.

119.   Defendant iGel is a successor-in-interest to the Prior Defendants.

120.   The Bui Family Defendants are each successors-in-interest to the Prior Defendants.

121.   The Bui Family Defendants are each third-party beneficiaries to the Settlement Agreement.

122.   Defendant iGel and the Bui Family Defendants, and each of them, are bound by the terms of the Settlement Agreement.

123.   The Defendants, and each of them, breached the Settlement Agreement by making, using, selling, offering for sale and/or importing the iGel infringing products.

124.   On information and belief, the Defendants, and each of them, breached the Settlement Agreement by not providing Plaintiff Glam and Glits with "images of the proposed new bottle and proposed new cap at least thirty (30) days prior to making, using, selling, offering for sale, importing, marketing, advertising or otherwise promoting a new nail polish, gel polish, or other nail product that is bottled."

125.   Glam and Glits is unaware of the date that Defendants first made, used, sold, offered to sell, imported, marketed, advertised or otherwise promoted the infringing iGel nail polish and gel polish.

126.   On information and belief, any and all conditions precedent, to the extent such exist, have been fulfilled by Plaintiff.

127.   By Defendants' breach of the Settlement Agreement, Plaintiff has been denied its expected benefits of the Settlement Agreement, namely that Defendants would cease unfairly competing with Plaintiff by infringing its design patent and illegally trading-off of Plaintiffs' goodwill embodied in the KIARA SKY® Bottle Trade Dress.

128.   Accordingly, Plaintiff is entitled to expectation damages in the amount of Glam and Glits' lost profit for every bottle of "iGel" nail polish and/or gel polish

23

1    sold by Defendants.

2         129.   However, due to the aforesaid breach of contract, which relates to

3    intangible property rights, Glam and Glits has suffered great and irreparable injury,

4    for which Glam and Glits has no adequate remedy at law.

5         130.   Defendants will continue to breach the Settlement Agreement by

6    directly and/or indirectly infringing Glam and Glits' patent rights and by directly

7    infringing Glam and Glits' trade dress rights, to the great and irreparable injury of

8    Glam and Glits, unless enjoined by this Court. Glam and Glits has no adequate

9    remedy at law.

10        131.   Accordingly, Glam and Glits is entitled to both a preliminary and

11   permanent injunction against Defendants requiring specific performance of the

12   Settlement Agreement and thereby enjoining each of them from further acts of

13   infringement of the D'737 Patent and/or the KIARA SKY® Bottle Trade Dress.

14                           **SECOND CLAIM FOR RELIEF**

15        **Design Patent Infringement of the D'737 Patent, 35 U.S.C. § 271**

16                             **(against all Defendants)**

17        132.   Glam and Glits repeats and re-alleges the allegations of the preceding

18   paragraphs of this Complaint as if set forth fully herein.

19        133.   This is a claim for patent infringement under 35 U.S.C. § 271.

20        134.   Defendants, and each of them, through their agents, employees, and

21   servants knowingly, intentionally, and willfully have directly infringed—and

22   continue directly to infringe—the D'737 Patent by making, using, selling, offering

23   for sale, and/or importing products having a design that would appear to an ordinary

24   observer to be substantially similar to the claim of the D'737 Patent.

25        135.   Defendants' acts of infringement of the D'737 Patent were undertaken

26   without permission or license from Glam and Glits.

27        136.   Defendants each had actual knowledge of Glam and Glits' rights in the

28   design claimed in the D'737 Patent.

137.    Defendants, and each of them, being bound by the Settlement Agreement, have acknowledged the validity and enforceability of the D'737 Patent. Accordingly, Defendants, and each of them, are estopped from contesting the validity and/or enforceability of the D'737 Patent.

138.    Glam and Glits and its iconic KIARA SKY bottle design are well-known throughout the relevant industry, and Defendants' SKY product is a nearly identical copy of Glam and Glits' KIARA SKY bottle design.

139.    Accordingly, Defendants' actions constitute willful and intentional infringement of the D'737 Patent.

140.    Defendants infringed the D'737 Patent with reckless disregard of Glam and Glits' patent rights. Defendants knew, or it was so obvious that Defendants should have known, that their actions constituted infringement of the D'737 Patent. Defendants' acts of infringement of the D'737 Patent were not consistent with the standards of commerce for their industry.

141.    As a direct and proximate result of Defendants' patent infringement, Defendants have each derived and received gains, profits, and advantages in an amount not presently known to Glam and Glits.

142.    Pursuant to 35 U.S.C. § 284, Glam and Glits is entitled to damages for Defendants' infringing acts, in the amount of Glam and Glits' lost profits, and in an amount not less than a reasonable royalty, and treble actual damages together with interests and costs as fixed by this Court.

143.    Pursuant to 35 U.S.C. § 289, Glam and Glits is entitled to Defendants' total profits from the sale of products that infringe Glam and Glits' design patent rights.

144.    Based on the intentional, willful and malicious nature of the acts of infringement alleged, Glam and Glits is entitled to a determination that this case is exceptional.

145.    Pursuant to 35 U.S.C. § 285, Glam and Glits is entitled to reasonable

1  attorneys' fees for the necessity of bringing this claim.

2  146. Due to the aforesaid infringing acts, Glam and Glits has suffered great

3  and irreparable injury, for which Glam and Glits has no adequate remedy at law.

4  147. Defendants will continue to directly and/or indirectly infringe Glam and

5  Glits' patent rights to the great and irreparable injury of Glam and Glits, unless

6  enjoined by this Court. Glam and Glits has no adequate remedy at law.

7  148. Accordingly, Glam and Glits is entitled to both a preliminary and

8  permanent injunction against Defendants enjoining each of them from further acts of

9  infringement of the D'737 Patent.

10  **THIRD CLAIM FOR RELIEF**

11  **Design Patent Infringement of the D'444 Patent, 35 U.S.C. § 271**

12  **(against all Defendants)**

13  149. Glam and Glits repeats and re-alleges the allegations of the preceding

14  paragraphs of this Complaint as if set forth fully herein.

15  150. This is a claim for patent infringement under 35 U.S.C. § 271.

16  151. Defendants, and each of them, through their agents, employees, and

17  servants knowingly, intentionally, and willfully have directly infringed—and

18  continue directly to infringe—the D'444 Patent by making, using, selling, offering

19  for sale, and/or importing products having a design that would appear to an ordinary

20  observer to be substantially similar to the claim of the D'444 Patent.

21  152. Defendants' acts of infringement of the D'444 Patent were undertaken

22  without permission or license from Glam and Glits.

23  153. On information and belief, Defendants each had actual knowledge of

24  Glam and Glits' rights in the design claimed in the D'444 Patent.

25  154. Glam and Glits and its iconic KIARA SKY bottle design are well-

26  known throughout the relevant industry, and Defendants' SKY product is a nearly

27  identical copy of Glam and Glits' KIARA SKY bottle design.

28  155. Accordingly, Defendants' actions constitute willful and intentional

26

infringement of the D'444 Patent.

156.   Defendants infringed the D'444 Patent with reckless disregard of Glam and Glits' patent rights. Defendants knew, or it was so obvious that Defendants should have known, that their actions constituted infringement of the D'444 Patent. Defendants' acts of infringement of the D'444 Patent were not consistent with the standards of commerce for their industry.

157.   As a direct and proximate result of Defendants' patent infringement, Defendants have each derived and received gains, profits, and advantages in an amount not presently known to Glam and Glits.

158.   Pursuant to 35 U.S.C. § 284, Glam and Glits is entitled to damages for Defendants' infringing acts, in the amount of Glam and Glits' lost profits, and in an amount not less than a reasonable royalty, and treble actual damages together with interests and costs as fixed by this Court.

159.   Pursuant to 35 U.S.C. § 289, Glam and Glits is entitled to Defendants' total profits from the sale of products that infringe Glam and Glits' design patent rights.

160.   Based on the intentional, willful and malicious nature of the acts of infringement alleged, Glam and Glits is entitled to a determination that this case is exceptional.

161.   Pursuant to 35 U.S.C. § 285, Glam and Glits is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

162.   Due to the aforesaid infringing acts, Glam and Glits has suffered great and irreparable injury, for which Glam and Glits has no adequate remedy at law.

163.   Defendants will continue to directly and/or indirectly infringe Glam and Glits' patent rights to the great and irreparable injury of Glam and Glits, unless enjoined by this Court. Glam and Glits has no adequate remedy at law.

164.   Accordingly, Glam and Glits is entitled to both a preliminary and permanent injunction against Defendants enjoining each of them from further acts of

1    infringement of the D'444 Patent.

2        165.   Glam and Glits repeats and re-alleges the allegations of the preceding

3    paragraphs of this Complaint as if set forth fully herein.

4    **FOURTH CLAIM FOR RELIEF**

5    **Design Patent Infringement of the D'551 Patent, 35 U.S.C. § 271**

6    **(against all Defendants)**

7        166.   Glam and Glits repeats and re-alleges the allegations of the preceding

8    paragraphs of this Complaint as if set forth fully herein.

9        167.   This is a claim for patent infringement under 35 U.S.C. § 271.

10       168.   Defendants, and each of them, through their agents, employees, and

11   servants knowingly, intentionally, and willfully have directly infringed—and

12   continue directly to infringe—the D'551 Patent by making, using, selling, offering

13   for sale, and/or importing products having a design that would appear to an ordinary

14   observer to be substantially similar to the claim of the D'551 Patent.

15       169.   Defendants' acts of infringement of the D'551 Patent were undertaken

16   without permission or license from Glam and Glits.

17       170.   On information and belief, Defendants each had actual knowledge of

18   Glam and Glits' rights in the design claimed in the D'551 Patent.

19       171.   Glam and Glits and its iconic KIARA SKY bottle applicator cap design

20   are well-known throughout the relevant industry, and Defendants' SKY product is a

21   nearly identical copy of Glam and Glits' KIARA SKY bottle design.

22       172.   Accordingly, Defendants' actions constitute willful and intentional

23   infringement of the D'551 Patent.

24       173.   Defendants infringed the D'551 Patent with reckless disregard of Glam

25   and Glits' patent rights. Defendants knew, or it was so obvious that Defendants

26   should have known, that their actions constituted infringement of the D'551 Patent.

27   Defendants' acts of infringement of the D'551 Patent were not consistent with the

28   standards of commerce for their industry.

174.   As a direct and proximate result of Defendants' patent infringement, Defendants have each derived and received gains, profits, and advantages in an amount not presently known to Glam and Glits.

175.   Pursuant to 35 U.S.C. § 284, Glam and Glits is entitled to damages for Defendants' infringing acts, in the amount of Glam and Glits' lost profits, and in an amount not less than a reasonable royalty, and treble actual damages together with interests and costs as fixed by this Court.

176.   Pursuant to 35 U.S.C. § 289, Glam and Glits is entitled to Defendants' total profits from the sale of products that infringe Glam and Glits' design patent rights.

177.   Based on the intentional, willful and malicious nature of the acts of infringement alleged, Glam and Glits is entitled to a determination that this case is exceptional.

178.   Pursuant to 35 U.S.C. § 285, Glam and Glits is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

179.   Due to the aforesaid infringing acts, Glam and Glits has suffered great and irreparable injury, for which Glam and Glits has no adequate remedy at law.

180.   Defendants will continue to directly and/or indirectly infringe Glam and Glits' patent rights to the great and irreparable injury of Glam and Glits, unless enjoined by this Court. Glam and Glits has no adequate remedy at law.

181.   Accordingly, Glam and Glits is entitled to both a preliminary and permanent injunction against Defendants enjoining each of them from further acts of infringement of the D'551 Patent.

## FIFTH CLAIM FOR RELIEF

### Federal Trade Dress Infringement, 15 U.S.C. § 1125(a)

### (against all Defendants)

182.   Glam and Glits repeats and re-alleges the allegations of the preceding paragraphs of this Complaint as if set forth fully herein.

183.   This is a claim for trade dress infringement under 15 U.S.C. § 1125(a).

184.   As a result of the widespread use and display of Glam and Glits' KIARA SKY® Bottle Trade Dress, the trade dress has acquired secondary meaning to potential purchasers, in that potential purchasers have come to associate nail polish and gel polish bottles bearing the design of the KIARA SKY® Bottle Trade Dress with Glam and Glits.

185.   The KIARA SKY® Bottle Trade Dress is not functional.

186.   Defendants have, by way of the Settlement Agreement, acknowledged the validity, non-functionality, and enforceability of the KIARA SKY® Bottle Trade Dress.

187.   Accordingly, Defendants are estopped from asserting that the KIARA SKY Bottle Trade Dress is invalid, functional and/or unenforceable.

188.   Subsequent to Glam and Glits' use and adoption of the KIARA SKY® Bottle Trade Dress, Defendants produced, advertised, and sold gel and nail polish products that use a trade dress that is confusingly similar to the KIARA SKY® Bottle Trade Dress.

189.   Defendants' acts of trade dress infringement were undertaken willfully with full knowledge and with the express intent to cause confusion, and to mislead and deceive the purchasing public.

190.   Glam and Glits is informed and believes and thereon alleges that Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from Defendants' trade dress infringement in an amount that is not presently known to Glam and Glits. By reason of Defendants' actions, constituting trade dress infringement, Glam and Glits has been damaged and is entitled to monetary relief in an amount to be determined at trial.

191.   Due to Defendants' actions, constituting trade dress infringement, Glam and Glits has suffered and will continue to suffer great and irreparable injury, unless such actions are restrained by this Court. Glam and Glits has no adequate remedy at

30

1    law.

2        192.   Accordingly, Glam and Glits is entitled to both a preliminary and

3    permanent injunction against Defendants enjoining each of them from further acts of

4    infringement of the KIARA SKY® Bottle Trade Dress.

5                        **SIXTH CLAIM FOR RELIEF**

6                        **California Unfair Competition**

7                  **(Cal. Bus. and Prof. Code § 17200 *et seq.*)**

8                        **(against all Defendants)**

9        193.   Glam and Glits repeats and re-alleges the allegations of paragraphs 1–87

10   of this Complaint as if set forth fully herein.

11       194.   This is a claim for unfair competition arising under CALIFORNIA

12   BUSINESS AND PROFESSIONS CODE § 17200 *et seq*.

13       195.   Defendants' acts of patent infringement and trade dress infringement

14   complained of herein constitute unfair competition with Glam and Glits under the

15   laws of the State of California, particularly under CALIFORNIA BUSINESS AND

16   PROFESSIONS CODE § 17200 *et seq*.

17       196.   Glam and Glits is informed and believes and thereon alleges that

18   Defendants have derived and received, and will continue to derive and receive, gains,

19   profits and advantages from Defendants' unfair competition in an amount that is not

20   presently known to Glam and Glits. By reason of Defendants' wrongful acts as

21   alleged in this Complaint, Glam and Glits has been damaged and is entitled to

22   restitution.

23       197.   By their actions, Defendants have injured and violated the rights of

24   Glam and Glits and has irreparably injured Glam and Glits, and such irreparable

25   injury will continue unless Defendant is enjoined by this Court. Glam and Glits has

26   no adequate remedy at law.

27       198.   Accordingly, Glam and Glits is entitled to both a preliminary and

28   permanent injunction against Defendants enjoining each of them from further acts of

1   unfair competition.

2                          **<u>REQUEST FOR RELIEF</u>**

3        **WHEREFORE**, Glam and Glits requests that the Court grant the following

4   relief:

5        A.    A preliminary and permanent injunction enjoining Defendants, and each

6              of them, and their respective officers, directors, agents, servants,

7              employees, and attorneys, and those persons in active concert or

8              participation with Defendants, from infringing any of the Patents-in-Suit

9              in violation of 35 U.S.C. § 271.

10       B.    A judgment that:

11             1.    Defendants, and each of them, have infringed the D'737 Patent,

12                   the D'444 Patent, and the D'551 Patent, and each of them, under

13                   35 U.S.C. § 271;

14             2.    Defendants' infringement of the D'737 Patent was willful;

15             3.    Defendants' infringement of the D'444 Patent was willful;

16             4.    Defendants' infringement of the D'551 Patent was willful;

17             5.    Awards to Plaintiff compensatory damages, including Plaintiff's

18                   lost profits due to the infringement, but not less than a reasonably

19                   royalty; and/or awards to Plaintiff the Defendants' total profits

20                   from such infringement pursuant to 35 U.S.C. § 289;

21             6.    Awards to Plaintiff treble damages and/or exemplary damages

22                   because of Defendants' willful conduct pursuant to 35 U.S.C. §

23                   284;

24             7.    Awards to Plaintiff its attorney fees, expenses and costs incurred

25                   by Plaintiff in connection with this action pursuant to 35 U.S.C. §

26                   285;

27             8.    Awards to Plaintiff pre-judgment and post-judgment interest;

28             9.    Adjudges that this is an exceptional case;

C.    A preliminary and permanent injunction against Defendants, and each of them, their officers, agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with each Defendant, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

   1.    using Glam and Glits' KIARA SKY® Bottle Trade Dress, or any other trade dress that is confusingly similar to the Glam and Glits' KIARA SKY® Bottle Trade Dress;

   2.    manufacturing, using, displaying, distributing, or selling any goods that infringe any of the Glam and Glits' KIARA SKY® Bottle Trade Dress; or

   3.    unfairly competing further with Glam and Glits.

D.    An order that Defendants, and each of them, file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction pursuant to 15 U.S.C. § 1116(a).

E.    An order that Defendants, and each of them, and all others acting under Defendants' authority, shall deliver up for destruction all products, literature, advertising, labels and other material in their possession bearing or showing the infringing trade dress within (30) days after issuance of an injunction pursuant to 15 U.S.C. § 1118.

F.    A further judgment that:

   1.    Defendants' infringement of Glam and Glits' KIARA SKY® Bottle Trade Dress was willful;

   2.    Defendants' competed unfairly with Glam and Glits under 15 U.S.C. § 1125 and CALIFORNIA BUSINESS AND PROFESSIONS CODE

33

§ 17200 *et seq.*;

3.   Defendants, and each of them, are required to account to Glam and Glits for any and all profits derived by their acts of trade dress infringement and unfair competition complained of in this Complaint;

4.   Defendants pay compensatory, consequential, statutory and punitive damages to be determined at trial pursuant to 15 U.S.C. § 1117;

5.   Defendants pay treble damages and/or exemplary damages because of Defendants' willful conduct pursuant to 15 U.S.C. § 1117;

6.   Awarding to Plaintiff a disgorgement of Defendants' wrongful profits pursuant to CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17203 *et seq.*;

7.   Awarding Plaintiff the costs of this civil action, including reasonable attorneys' fees; and

8.   Awarding Plaintiff pre-judgment and post-judgment interest;

G.   A further judgment and finding of fact that:

1.   Defendant iGel is the successor-in-interest to the Prior Defendants;

2.   The Bui Family Defendants, and each of them, are the successors-in-interest to the Prior Defendants;

3.   Defendant iGel is a third-party beneficiary to the Settlement Agreement;

4.   The Bui Family Defendants, and each of them, are third-party beneficiaries to the Settlement Agreement;

5.   Defendant iGel is bound by the Settlement Agreement;

6.   The Bui Family Defendants, and each of them, are the alter ego

34

1                 of Defendant iGel;

2         7.    The Bui Family Defendants are bound by the Settlement

3              Agreement;

4         8.    Defendants, and each of them, breached the Settlement

5              Agreement;

6         9.    Awarding compensatory damages, in an amount to be

7              determined, for Defendants' breach of the Settlement Agreement;

8         10.   An Order requiring the Defendants to specifically perform their

9              obligations under the Settlement Agreement; and

10    H.    Such other and further relief as this Court may deem just and proper.

11

12                   Respectfully submitted,

13  Date:   January 15, 2020      LAPPLE UBELL IP LAW LLP

14                   By:  /Matthew C. Lapple/

15                        Matthew C. Lapple

16

17                   Attorneys for Plaintiff
GLAM AND GLITS NAIL DESIGN, INC.

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Plaintiff Glam and Glits Nail Design, Inc., hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Date:     January 15, 2020          LAPPLE UBELL IP LAW LLP

By:   /Matthew C. Lapple/
Matthew C. Lapple

Attorneys for Plaintiff
GLAM AND GLITS NAIL DESIGN, INC.

36