John Shaeffer (SBN 138331)
  jshaeffer@foxrothschild.com
Joshua Bornstein (SBN 311658)
  jbornstein@foxrothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone: 310.598.4150
Facsimile: 310.556.9828

Attorneys for Defendants and Counterclaimants,
IGEL BEAUTY, LLC, DANIEL BUI, TU BUI,
ALVIN BUI and ANDREW BUI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLAM AND GLITS NAIL DESIGN, INC., a California corporation,<br><br>   Plaintiff,<br><br>  v.<br><br>IGEL BEAUTY, LLC, a New Jersey limited liability company, DANIEL BUI, an individual, TU BUI, an individual, ALVIN BUI, an individual, ANDREW BUI, an individual LA-VI NAILS 1, LLC, a New Jersey limited liability company d/b/a "Lavi Nails"; and LAVI NAILS NWP MALL, LLC, a New Jersey limited liability company,<br><br>   Defendants.<br><br>RELATED COUNTERCLAIMS | Case No.: SACV-20-00088-JVS-DFM<br><br>Hon. James V. Selna<br><br>**DEFENDANTS AND COUNTERCLAIMANTS'** *EX PARTE* **APPLICATION FOR A PROTECTIVE ORDER**<br><br>[CONCURRENTLY FILED WITH DECLARATION OF JOHN SHAEFFER AND [PROPOSED] ORDER]<br><br>Complaint filed:   Jan. 15, 2020<br>Pre-trial Conference:  Aug. 29, 2022<br>Trial Date:    Sept. 13, 2022 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to Local Rule 7-19, Defendants and Counterclaimants iGel Beauty, LLC, Daniel Bui, Tu Bui, Alvin Bui, and Andrew Bui (collectively, "Defendants"), hereby apply *ex parte* for a protective order. Specifically, Defendants request an order tolling the deposition of YiJan Jiang noticed by Plaintiff Glam and Glits Nail Design, Inc. ("Plaintiff") to commence remotely at **6:00 p.m. on August 3, 2022**, until such time as such deposition can be conducted in a manner that does not violate Chinese law.

Despite previously representing to Defendants that it did not have any contact information for YiJan Jiang, a Chinese national, Plaintiff served on Defendants at 10:40 a.m. on **August 1, 2022,** a notice that it would remotely take YiJan Jiang deposition on **August 3, 2022**. Promptly, thereafter, Defendants sought confirmation from Plaintiff that YiJan Jiang would be sitting for this deposition outside mainland China since, according to the United States State Department, if the deposition were to proceed with YiJan Jiang sitting in mainland China, "[p]articipation in such activity could result in the arrest, detention or deportation of the American attorneys and other participants."[1] Defendants further provided Plaintiff with case law supporting that even remote participates would be violating Chinese law.

Matthew Lapple, counsel for Plaintiff did not respond to Defendants request for confirmation until **5:51 p.m.** That response, however, simply stated glibly: "We have reviewed your email and disagree with Defendants' assertions and view of the law." Since Plaintiff would not confirm that YiJan Jiang would sit for his deposition outside mainland China, Defendants promptly notified the designated court reporter of Defendants' concerns and notified Mr. Lapple that Defendants would move *ex parte* for a protective order from this Court. While the court reporter has stated she could not provide coverage absent assurance that the witness would be sitting outside mainland

---

[1] https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html.

China, Plaintiff has yet to agree to toll this deposition, necessitating this *ex parte* application.

This application is made after providing notice to counsel for Plaintiff, as required by Local Rule 7-19.1, by exchanging emails with Plaintiff's counsel Matthew Lapple, Ha Lapple, and Franklin Ubell on April 29, 2022.

Plaintiff's counsel' contact information is as follows:

>Matthew C. Lapple, Esq.
>Ha Tran Lapple, Esq.
>Franklin Ubell, Esq.
>LAPPLE UBELL IP LAW, LLP
>19800 MacArthur Blvd., 3rd Floor
>Irvine, CA 92612
>Email: matt@lappleubell.com
>　　　 ha@lappleubell.com
>　　　 frank@lappleubell.com

Defendants base their *ex parte* application upon the accompanying Memorandum filed pursuant to Local Rule 7-19, the Declaration of John Shaeffer, the Proposed Order filed herewith, and such further evidence and argument as may be supposed on this application.

Dated:  August 2, 2022

>FOX ROTHSCHILD LLP
>
>By  */s/ John Shaeffer*
>　　 John J. Shaeffer
>　　 Joshua Bornstein
>　　 Attorneys for Defendants,
>　　 IGEL BEAUTY, LLC, DANIEL BUI, TU
>　　 BUI, ALVIN BUI, and ANDREW BUI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Unfortunately, Defendants must petition this Court *ex parte* for a protective order because Plaintiff intends to proceed with the deposition of a Chinese resident in clear violation of Chinese law that exposes not only the witness to criminal prosecution but all of those who participate, even if they participate remotely. Foreign depositions are not permitted in mainland China. Defendants question whether Plaintiff has even informed the deponent of the risk he faced if he sits for this deposition in mainland China. There should be no need to burden this Court with this application.

## II. BACKGROUND

Plaintiff concedes that "[a]lmost from the inception of this lawsuit," first filed more than two years ago, Defendants have been challenging Ana Tan and Khoa Duong's claim of inventorship. Dkt. 243 at 7. Despite knowing of this affirmative defense, Plaintiff failed to produce any evidence to corroborate the claim of inventorship by either of the named inventors during discovery and admitted during fact discovery that it had none. Dkt. 252 at 8. On June 21, 2022, long after both the close of both fact and expert discovery, and after the Court twice considered Defendants' inventorship affirmative defense on competing motions for summary judgment, did Plaintiff produce a purported declaration from YiJan Jiang suggesting that the schematics he drew that form the basis of what is claimed in the Patents-in-Suit were derived from information and a drawing that he received from his boss and that his boss purportedly received from the named inventors. Dkt 228. In this submission, Mr. Lapple acknowledged that to depose a Chinese citizen in mainland China would violate Chinese law, citing to a release from the United States State Department. Dkt. 228-2 at 3-4.

In response to Plaintiff's untimely submission, Defendant, on June 28, 2022, obtained and submitted to this Court the declaration of Xinhui Wang, the President of

the company who designed both Plaintiffs and Defendants bottles at issue, which challenged much of YiJan Jiang declaration. Dkt. 240.

Clearly upset by Xinhui Wang's declaration, Plaintiff moved *ex parte* for a trial continence to permit it to pursue the deposition of Xinhui Wang, and purportedly to give the Defendants the opportunity to depose YiJan Jiang, which the Court granted. Dkt. 243. 246.

On July 14, 2022, during a meet-and-confer, Defendants requested Plaintiff provide contact information for YiJan Jiang. Dkt. 252 at 11. Plaintiff responded that it did not have any such contact information. *Id.*

On **August 1, 2022**, the same day that Defendants filed their motion to exclude any testimony from YiJan Jiang pursuant to Rule 37(c)(1) of the Rules of Civil Procedure, Plaintiff filed a notice of its intent to take the deposition of YiJan Jiang remotely beginning at 6:00 p.m. on **August 3, 2022.**[2] The notice identified Jeffrey Wang an attorney in Newport Beach, as counsel for YiJan Jiang.[3]

Promptly upon receiving this notice, Defendants requested assurance that YiJan Jiang would sit for his deposition outside mainland China.[4] In this same email, Defendants reminded of Plaintiff of the State Department's position:

> China does not permit attorneys to take depositions in China for use in foreign courts. Under its Declarations and Reservations to the Hague Evidence Convention and subsequent diplomatic communications, China has indicated that taking depositions, whether voluntary or compelled, and obtaining other evidence in China for use in foreign courts may, as a general matter, only be accomplished through requests to its Central Authority under the Hague Evidence Convention. Consular depositions would require permission from the Central Authority on a case by case basis and the Department of State will not authorize the involvement of consular personnel in a deposition without that permission.

---

[2] Declaration of John Shaeffer ("Shaeffer Dec.") at ¶ 2.
[3] Defendants do not attach a copy of this notice because Plaintiff curiously designated this deposition notice Attorneys Eyes Only. *Id.*
[4] 12:18 p.m. email from John Shaeffer to Mr. Lapple, *et al*, a copy of which is attached to Shaeffer Dec. as Exhibit 1.

**Participation in such activity could result in the arrest, detention or deportation of the American attorneys and other participants**.

*Id.* (emphasis in original).  The same email recounted court decisions affirming that foreign depositions are not permitted to occur in mainland China absent prior consent of the Central Authority.  *Id.*  Alternatively, a foreign deposition of a Chinese national can proceed if the deponent travels outside mainland China.  *Id.*  These same decisions conclude that even those who participate remotely could be sanction by the Chinese government.  *Id.*  In one opinion, the court permitted the use of a deposition taken in violation of Chinese law because the evidence was obtained illegally.  *Id.*

Mr. Lapple waited until 5:50 p.m. to respond "[w]e have reviewed your email and disagree with Defendants' assertions and view of the law.  Plaintiff will proceed with the deposition as noticed."  Shaeffer Dec. Ex. 2.

Promptly thereafter, Defendants again asked where YiJan Jiang would sit for this deposition so that Defendants could decide whether they would need to move for a protective order.  Shaeffer Dec. Ex. 3.  Mr. Lapple simply responded that since he did not represent YiJan Jiang, he could not "provide a confirmation as to where the witness will be at the time of the deposition."  *Id.*  Defendant then immediately requested Mr. Wang, who was identified as YiJan Jiang counsel, to confirm where the deponent would sit for this deposition.  Shaeffer Dec. Ex. 4.  During the preparation of this application, Mr. Wang responded that YiJan Jiang intends to sit for his deposition within mainland China.  Shaeffer Dec. at ¶ 4.

That same evening, and after receiving a remote link for this deposition from the reporting service Plaintiff had retained, Defendants notified the service of their concerns that the deponent may be sitting for this deposition in mainland China.  Shaeffer Dec. Ex. 5.  The next morning the reporting service indicated that it would not report the deposition absent assurance that the witness was outside mainland China.  *Id.*  Promptly upon receiving notice from the reporting service, Defendants inquired whether Plaintiff

would not toll the deposition. Shaeffer Dec. Ex. 6. As of the filing of this application, Plaintiff has not responded, necessitating this filing. Shaeffer Dec. at ¶ 8.

### III. DISCUSSION

#### A. GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER

*Ex parte* applications in the Central District are governed by the procedural requirements of the Local Rules, and the substantive standards set forth in *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). In *Mission Power*, the Court provided the requirements a party must meet to obtain *ex parte* relief. *Id*. The party seeking *ex parte* relief must establish why a motion cannot be calendared in the regular manner; that they will be irreparably prejudiced if the motion is heard in accord with regular procedures; and that the requesting party is without fault in creating the crisis that requires *ex parte* relief or that the crisis was due to excusable neglect. *Id*. In addition, a Scheduling Order may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."); *see also In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (citing *Johnson* and holding that while the court may take into account prejudice, the primary consideration is diligence). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (citations omitted).

Defendants appreciate the imposition this *ex parte* application places upon the Court and had hoped that Plaintiff would agree that its deposition of YiJan Jiang conforms to Chinese law. Unfortunately, Plaintiff will not so compromise.

#### A. Depositions Taken In Mainland China Must Conform to Chinese Law

While China is a member of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, "[u]nder its Declarations and Reservations to

the Hague Evidence Convention and subsequent diplomatic communications, China has indicated that taking depositions, whether voluntary or compelled, and obtaining other evidence in China for use in foreign courts may, as a general matter, only be accomplished through requests to its Central Authority under the Hague Evidence Convention."[5]  There is no suggestion whatsoever that Plaintiff has made any request to the Chinese Central Authority for permission to take YiJan Jiang's deposition.

Courts have consistent held that this prohibition and the risk of criminal penalty extends not only to the deponent but all participants, even if their participation is outside mainland China. *Zhizheng Wang v. Hull*, NO. C18-1220RSL, 2020 WL 4734930 *1 (W.D. Wash. 6/22/2020) ("While there is certainly a possibility that the Chinese authorities would construe the law narrowly so that it does not apply to foreign individuals who do not set foot within the borders of the People's Republic of China and who have the cooperation of the Chinese citizen being deposed … , the Court will not require defendant to bet on that outcome."); *United States v. Tao*, No. 19-20052-JAR, 2021 WL 5205446 *9 (D. Kan. 11/9.2021) ("Defendant fails to show that the proposed remote depositions would comply with Chinese law. Because the remote depositions would put participants at risk of violating Chinese law, the Court concludes that conducting the depositions will serve the interests of justice only if the Chinese government authorizes them."); *Junjiang Ji v. Jling Inc.*, No. 15-CV-4194 (SIL), 2019 WL 1441130, at *11 (E.D.N.Y. Mar. 31, 2019) (finding that conducting the plaintiff's trial testimony remotely while he was located in China violated Section 277 of the Civil Procedure Law of the People's Republic of China, which exposed Plaintiff and the questioning attorneys to legal sanctions).  Existing travel restriction related to the ongoing pandemic do not warrant this Court making an exception. *Yan v. Zhou*, 18-CV-4673(GRB)(JMW), 2021 WL 4059478 *3 (E.D. N.Y. 2021) (acknowledging that

---

[5] U.S. Dept. of State Website providing judicial assistance country information at https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html

the defendant could not be deposed even remotely in China, the court ordered the defendant to appear in New York even though "[t]he Court fully recognized that traveling circumstances have changed in light of the unprecedented challenges the pandemic has caused the world."); *Inventus Power v. Shenzhen Ace Battery*, 339 F.R.D. 487 (N.D. Ill. 2021) ("[I]t is undisputed that the 'law of China prohibits' depositions – voluntary or compelled – for use in foreign courts 'within the borders of People's Republic of China without permission' from Chinese authorities through the Hague Convention procedures." (Quoting *Yan v. Zhou*, 2021 WL 4059478, at *3)).

Even if Plaintiff were to proceed with the deposition in violation of Chinese law, the deposition would be inadmissible because it was taken in violation of law. *Junjiang Ji v. Jling Inc*., 2019 WL 1441130, at *11 ("It is therefore undisputed that, by testifying via video link while located in mainland China, Ji violated Article 277 of the Chinese Civil Law.  By participating in those proceedings, Defendants' counsel and potentially all other parties involved violated Article 15 of the Regulations and, thus, could be fined under Article 30.  Further, these violations potentially subjected the participating parties to deportation from China under Article 81 of the Administration Law as well as criminal liability under Article 13 of the Chinese Criminal Law. Accordingly, the Court grants Defendants' motion to strike Ji's testimony in its entirety and to preclude Ji from further testifying remotely in this case.").

## IV.   CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court issue a protective order precluding the taking of the deposition of YiJan Jiang until such time that Plaintiff can provide assurance that the witness will sit for the deposition outside mainland China.

Dated: August 2, 2022

                            Respectfully submitted,

                            FOX ROTHSCHILD LLP

By */s/ John Shaeffer*
John J. Shaeffer
Joshua Bornstein
Attorneys for Defendants,
IGEL BEAUTY, LLC, DANIEL BUI, TU BUI, ALVIN BUI, and ANDREW BUI