# EXHIBIT 1

| | |
|---|---|
| **From:** | Shaeffer, John J. |
| **To:** | Matt Lapple; Bornstein, Joshua; Jeffrey Wang; jeffreywang@whgclaw.com |
| **Cc:** | Franklin D. Ubell; Ha Lapple; Wang, Tina |
| **Bcc:** | Norton, Gerard P.; Lagarenne, Jonathan R.; {F18133365}.Active@wcs.foxrothschild.com |
| **Subject:** | RE: Glam and Glits v. iGel -- Notice of Deposition of YiJian Jiang |
| **Date:** | August 1, 2022 12:18:26 PM |

Matt,

Please confirm that the witness will be sitting outside mainland China for this deposition.  If not, we cannot proceed with this deposition on August 3, and, if necessary, we will seek a protective order. *Tsien v. Board of Regents of University System of Georgia*, CV 121-008, 2021 WL 6617308 *2 (S.D. Ga. 2021) (finding defendant would be prejudiced by plaintiff taking the deposition of a Chinese resident remotely because such participation exposed them to possible deportation and criminal liability in China).  According to the U.S. State Department, even if the witness voluntarily agrees to sit for a deposition in China, everyone who participates in the deposition, including the witness, will be exposed to criminal liability and possibly deportation.  Here is a quote from the State Department's website

> China does not permit attorneys to take depositions in China for use in foreign courts. Under its Declarations and Reservations to the Hague Evidence Convention and subsequent diplomatic communications, China has indicated that taking depositions, whether voluntary or compelled, and obtaining other evidence in China for use in foreign courts may, as a general matter, only be accomplished through requests to its Central Authority under the Hague Evidence Convention.  Consular depositions would require permission from the Central Authority on a case by case basis and the Department of State will not authorize the involvement of consular personnel in a deposition without that permission. **Participation in such activity could result in the arrest, detention or deportation of the American attorneys and other participants.**

This would be particularly troubling for our side since the paralegal who will assist me has family that still resides in China.  I trust that you have informed the witness of this risk.

A number of court have read this Chinese prohibition as extending to remote deposition, meaning that lawyers and staff who participate from the United States face the risk of deportation and criminal prosecution.  *Zhizheng Wang v. Hull*, NO. C18-1220RSL, 2020 WL 4734930 *1 (W.D. Wash. 6/22/2020) ("While there is certainly a possibility that the Chinese authorities would construe the law narrowly so that it does not apply to foreign individuals who do not set foot within the borders of the People's Republic of China and who have the cooperation of the Chinese citizen being deposed … , the Court will not require defendant to bet on that outcome."); *United States v. Tao,* No. 19-20052-JAR, 2021 WL 5205446 *9 (D. Kan. 11/9.2021) ("Defendant fails to show that the proposed remote depositions would comply with Chinese law. Because the remote depositions would put participants at risk of violating Chinese law, the Court concludes that conducting the depositions will serve the interests of justice only if the Chinese government authorizes them."); *Junjiang Ji v. Jling Inc.*, No. 15-CV-4194 (SIL), 2019 WL 1441130, at *11 (E.D.N.Y. Mar. 31, 2019) (finding that conducting the plaintiff's trial testimony remotely while he was located in China violated Section 277 of the Civil Procedure Law of the People's Republic of China, which exposed

Plaintiff and the questioning attorneys to legal sanctions).  The fact that are pandemic restrictions on travel to and from China do now warrant any exception.  *Yan v. Zhou,* 18-CV-4673(GRB)(JMW), 2021 WL 4059478 *3 (E.D. N.Y. 2021) (acknowledging that the defendant could not be deposed even remotely in China, the court ordered the defendant to appear in New York even though "[t]he Court fully recognized that traveling circumstances have changed in light of the unprecedented challenges the pandemic has caused the world."); *Inventus Power v. Shenzhen Ace Battery*, 339 F.R.D. 487 (N.D. Ill. 2021) ("it is undisputed that the 'law of China prohibits' depositions – voluntary or compelled – for use in foreign courts 'within the borders of People's Republic of China without permission' from Chinese authorities through the Hague Convention procedures" quoting Yan v. Zhou, 2021 WL 4059478, at *3).

Moreover, even if the deposition were to go forward in violation of Chinese law, any testimony obtained would be stricken because it was procured in violation of law.  *Junjiang Ji v. Jling Inc.*, 2019 WL 1441130, at *11 ("It is therefore undisputed that, by testifying via video link while located in mainland China, Ji violated Article 277 of the Chinese Civil Law.  By participating in those proceedings, Defendants' counsel and potentially all other parties involved violated Article 15 of the Regulations and, thus, could be fined under Article 30. Further, these violations potentially subjected the participating parties to deportation from China under Article 81 of the Administration Law as well as criminal liability under Article 13 of the Chinese Criminal Law. Accordingly, the Court grants Defendants' motion to strike Ji's testimony in its entirety and to preclude Ji from further testifying remotely in this case.").

Happy to discuss at your convenience.

Best,

John
**John Shaeffer**
Partner
**Fox Rothschild LLP**
10250 Constellation Blvd.
Suite 900
Los Angeles, CA 90067
(310) 228-4481 - direct
(310) 556-9828 - fax
jshaeffer@foxrothschild.com
www.foxrothschild.com

---

**From:** Matt Lapple <Matt@lappleubell.com>
**Sent:** August 1, 2022 10:31 AM
**To:** Shaeffer, John J. <jshaeffer@foxrothschild.com>; Bornstein, Joshua
<jbornstein@foxrothschild.com>; Jeffrey Wang <JeffreyWang@WHGCLaw.com>

**Cc:** Franklin D. Ubell <Frank@lappleubell.com>; Ha Lapple <Ha@lappleubell.com>
**Subject:** [EXT] Glam and Glits v. iGel -- Notice of Deposition of YiJian Jiang

Counsel –

Attached for service is the HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Notice of Deposition of YiJian Jiang.

Best,
Matt

**Matthew C. Lapple**
**LAPPLE UBELL IP LAW, LLP**
Patents | Trademarks | Copyrights | Trade Secrets
Prosecution, Licensing & Litigation Attorneys
Tel +1 949-756-4889 | Fax +1 949-242-9789

19800 MacArthur Blvd, 3rd Floor | **Irvine**, CA 92612
www.lappleubell.com | matt@lappleubell.com

# EXHIBIT 2

| **From:** | Matt Lapple |
| **To:** | Shaeffer, John J.; Bornstein, Joshua; Jeffrey Wang |
| **Cc:** | Franklin D. Ubell; Ha Lapple; Wang, Tina |
| **Subject:** | [EXT] Re: Glam and Glits v. iGel -- Notice of Deposition of YiJian Jiang |
| **Date:** | August 1, 2022 5:50:33 PM |

John —

We have reviewed your email and disagree with Defendants' assertions and view of the law.

Plaintiff will proceed with the deposition as noticed.

Matthew C. Lapple
LAPPLE UBELL IP LAW, LLP
Tel +1 949-756-4889
Fax +1 949-242-9789
19800 MacArthur Blvd, 3rd Floor
Irvine, CA 92612

www.lappleubell.com
matt@lappleubell.com

**From:** Shaeffer, John J. <jshaeffer@foxrothschild.com>
**Sent:** Monday, August 1, 2022 12:18:27 PM
**To:** Matt Lapple <Matt@lappleubell.com>; Bornstein, Joshua <jbornstein@foxrothschild.com>; Jeffrey Wang <JeffreyWang@WHGCLaw.com>; jeffreywang@whgclaw.com <jeffreywang@whgclaw.com>
**Cc:** Franklin D. Ubell <Frank@lappleubell.com>; Ha Lapple <Ha@lappleubell.com>; Wang, Tina <TWang@foxrothschild.com>
**Subject:** RE: Glam and Glits v. iGel -- Notice of Deposition of YiJian Jiang


Matt,

Please confirm that the witness will be sitting outside mainland China for this deposition.  If not, we cannot proceed with this deposition on August 3, and, if necessary, we will seek a protective order. *Tsien v. Board of Regents of University System of Georgia*, CV 121-008, 2021 WL 6617308 *2 (S.D. Ga. 2021) (finding defendant would be prejudiced by plaintiff taking the deposition of a Chinese resident remotely because such participation exposed them to possible deportation and criminal liability in China).  According to the U.S. State Department, even if the witness voluntarily agrees to sit for a deposition in China, everyone who participates in the deposition, including the witness, will be exposed to criminal liability and possibly deportation.  Here is a quote from the State Department's website

> China does not permit attorneys to take depositions in China for use in foreign courts. Under its Declarations and Reservations to the Hague Evidence Convention and subsequent diplomatic communications, China has indicated that taking depositions, whether voluntary

or compelled, and obtaining other evidence in China for use in foreign courts may, as a general matter, only be accomplished through requests to its Central Authority under the Hague Evidence Convention.  Consular depositions would require permission from the Central Authority on a case by case basis and the Department of State will not authorize the involvement of consular personnel in a deposition without that permission. **Participation in such activity could result in the arrest, detention or deportation of the American attorneys and other participants.**

This would be particularly troubling for our side since the paralegal who will assist me has family that still resides in China.  I trust that you have informed the witness of this risk.

A number of court have read this Chinese prohibition as extending to remote deposition, meaning that lawyers and staff who participate from the United States face the risk of deportation and criminal prosecution.  *Zhizheng Wang v. Hull*, NO. C18-1220RSL, 2020 WL 4734930 *1 (W.D. Wash. 6/22/2020) ("While there is certainly a possibility that the Chinese authorities would construe the law narrowly so that it does not apply to foreign individuals who do not set foot within the borders of the People's Republic of China and who have the cooperation of the Chinese citizen being deposed … , the Court will not require defendant to bet on that outcome."); *United States v. Tao,* No. 19-20052-JAR, 2021 WL 5205446 *9 (D. Kan. 11/9.2021) ("Defendant fails to show that the proposed remote depositions would comply with Chinese law. Because the remote depositions would put participants at risk of violating Chinese law, the Court concludes that conducting the depositions will serve the interests of justice only if the Chinese government authorizes them."); *Junjiang Ji v. Jling Inc.*, No. 15-CV-4194 (SIL), 2019 WL 1441130, at *11 (E.D.N.Y. Mar. 31, 2019) (finding that conducting the plaintiff's trial testimony remotely while he was located in China violated Section 277 of the Civil Procedure Law of the People's Republic of China, which exposed Plaintiff and the questioning attorneys to legal sanctions).  The fact that are pandemic restrictions on travel to and from China do now warrant any exception.  *Yan v. Zhou,* 18-CV-4673(GRB)(JMW), 2021 WL 4059478 *3 (E.D. N.Y. 2021) (acknowledging that the defendant could not be deposed even remotely in China, the court ordered the defendant to appear in New York even though "[t]he Court fully recognized that traveling circumstances have changed in light of the unprecedented challenges the pandemic has caused the world."); *Inventus Power v. Shenzhen Ace Battery*, 339 F.R.D. 487 (N.D. Ill. 2021) ("it is undisputed that the 'law of China prohibits' depositions – voluntary or compelled – for use in foreign courts 'within the borders of People's Republic of China without permission' from Chinese authorities through the Hague Convention procedures" quoting Yan v. Zhou, 2021 WL 4059478, at *3).

Moreover, even if the deposition were to go forward in violation of Chinese law, any testimony obtained would be stricken because it was procured in violation of law.  *Junjiang Ji v. Jling Inc.*, 2019 WL 1441130, at *11 ("It is therefore undisputed that, by testifying via video link while located in mainland China, Ji violated Article 277 of the Chinese Civil Law.  By participating in those proceedings, Defendants' counsel and potentially all other parties involved violated Article 15 of the Regulations and, thus, could be fined under Article 30. Further, these violations potentially subjected the participating parties to deportation from China under Article 81 of the Administration Law as well as criminal liability under Article 13 of the Chinese Criminal Law. Accordingly, the Court grants Defendants' motion to strike Ji's testimony in its entirety and to preclude Ji from further testifying

remotely in this case.").

Happy to discuss at your convenience.

Best,

John
**John Shaeffer**
Partner
**Fox Rothschild LLP**
10250 Constellation Blvd.
Suite 900
Los Angeles, CA 90067
(310) 228-4481 - direct
(310) 556-9828 - fax
jshaeffer@foxrothschild.com
www.foxrothschild.com

---

**From:** Matt Lapple <Matt@lappleubell.com>
**Sent:** August 1, 2022 10:31 AM
**To:** Shaeffer, John J. <jshaeffer@foxrothschild.com>; Bornstein, Joshua <jbornstein@foxrothschild.com>; Jeffrey Wang <JeffreyWang@WHGCLaw.com>
**Cc:** Franklin D. Ubell <Frank@lappleubell.com>; Ha Lapple <Ha@lappleubell.com>
**Subject:** [EXT] Glam and Glits v. iGel -- Notice of Deposition of YiJian Jiang

Counsel –

Attached for service is the HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Notice of Deposition of YiJian Jiang.

Best,
Matt

**Matthew C. Lapple**
**LAPPLE UBELL IP LAW, LLP**
Patents | Trademarks | Copyrights | Trade Secrets
Prosecution, Licensing & Litigation Attorneys
Tel +1 949-756-4889 | Fax +1 949-242-9789

19800 MacArthur Blvd, 3rd Floor | Irvine, CA 92612
www.lappleubell.com | matt@lappleubell.com

This email contains information that may be confidential and/or privileged. If you are not the

intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

# EXHIBIT 3

| | |
|---|---|
| **From:** | Matt Lapple |
| **To:** | Shaeffer, John J.; Bornstein, Joshua; Jeffrey Wang |
| **Cc:** | Franklin D. Ubell; Ha Lapple; Wang, Tina |
| **Subject:** | [EXT] RE: Glam and Glits v. iGel -- Notice of Deposition of YiJian Jiang |
| **Date:** | August 1, 2022 6:44:34 PM |

John –

I do not represent the witness.

As such, I cannot provide a confirmation as to where the witness will be at the time of the deposition.

Best,
Matt

**Matthew C. Lapple**
**LAPPLE UBELL IP LAW, LLP**
Patents | Trademarks | Copyrights | Trade Secrets
Prosecution, Licensing & Litigation Attorneys
Tel +1 949-756-4889 | Fax +1 949-242-9789

19800 MacArthur Blvd, 3rd Floor | Irvine, CA 92612
www.lappleubell.com | matt@lappleubell.com

**From:** Shaeffer, John J. <jshaeffer@foxrothschild.com>
**Sent:** Monday, August 1, 2022 6:10 PM
**To:** Matt Lapple <Matt@lappleubell.com>; Bornstein, Joshua <jbornstein@foxrothschild.com>; Jeffrey Wang <JeffreyWang@WHGCLaw.com>
**Cc:** Franklin D. Ubell <Frank@lappleubell.com>; Ha Lapple <Ha@lappleubell.com>; Wang, Tina <TWang@foxrothschild.com>
**Subject:** Re: Glam and Glits v. iGel -- Notice of Deposition of YiJian Jiang


Mattt,

There is no issue of disagreement.  The issue is simply whether the witness will be in mainland China at the time of the deposition.  If so, we will move ex parte for a protective order because we will not participate in a violation of Chinese law that could expose all involved to liability.  Please confirm the location of the witness so we can act accordingly.

Best,

John


**From:** Matt Lapple <Matt@lappleubell.com>
**Sent:** Monday, August 1, 2022 5:50:24 PM
**To:** Shaeffer, John J. <jshaeffer@foxrothschild.com>; Bornstein, Joshua

<jbornstein@foxrothschild.com>; Jeffrey Wang <JeffreyWang@WHGCLaw.com>
**Cc:** Franklin D. Ubell <Frank@lappleubell.com>; Ha Lapple <Ha@lappleubell.com>; Wang, Tina <TWang@foxrothschild.com>
**Subject:** [EXT] Re: Glam and Glits v. iGel -- Notice of Deposition of YiJian Jiang

John —

We have reviewed your email and disagree with Defendants' assertions and view of the law.

Plaintiff will proceed with the deposition as noticed.

Matthew C. Lapple
LAPPLE UBELL IP LAW, LLP
Tel +1 949-756-4889
Fax +1 949-242-9789
19800 MacArthur Blvd, 3rd Floor
Irvine, CA 92612

www.lappleubell.com
matt@lappleubell.com

---

**From:** Shaeffer, John J. <jshaeffer@foxrothschild.com>
**Sent:** Monday, August 1, 2022 12:18:27 PM
**To:** Matt Lapple <Matt@lappleubell.com>; Bornstein, Joshua <jbornstein@foxrothschild.com>; Jeffrey Wang <JeffreyWang@WHGCLaw.com>; jeffreywang@whgclaw.com <jeffreywang@whgclaw.com>
**Cc:** Franklin D. Ubell <Frank@lappleubell.com>; Ha Lapple <Ha@lappleubell.com>; Wang, Tina <TWang@foxrothschild.com>
**Subject:** RE: Glam and Glits v. iGel -- Notice of Deposition of YiJian Jiang

Matt,

Please confirm that the witness will be sitting outside mainland China for this deposition.  If not, we cannot proceed with this deposition on August 3, and, if necessary, we will seek a protective order. *Tsien v. Board of Regents of University System of Georgia*, CV 121-008, 2021 WL 6617308 *2 (S.D. Ga. 2021) (finding defendant would be prejudiced by plaintiff taking the deposition of a Chinese resident remotely because such participation exposed them to possible deportation and criminal liability in China).  According to the U.S. State Department, even if the witness voluntarily agrees to sit for a deposition in China, everyone who participates in the deposition, including the witness, will be exposed to criminal liability and possibly deportation.  Here is a quote from the State Department's website

China does not permit attorneys to take depositions in China for use in foreign courts. Under its Declarations and Reservations to the Hague Evidence Convention and subsequent

diplomatic communications, China has indicated that taking depositions, whether voluntary or compelled, and obtaining other evidence in China for use in foreign courts may, as a general matter, only be accomplished through requests to its Central Authority under the Hague Evidence Convention.  Consular depositions would require permission from the Central Authority on a case by case basis and the Department of State will not authorize the involvement of consular personnel in a deposition without that permission. **Participation in such activity could result in the arrest, detention or deportation of the American attorneys and other participants.**

This would be particularly troubling for our side since the paralegal who will assist me has family that still resides in China.  I trust that you have informed the witness of this risk.

A number of court have read this Chinese prohibition as extending to remote deposition, meaning that lawyers and staff who participate from the United States face the risk of deportation and criminal prosecution.  *Zhizheng Wang v. Hull*, NO. C18-1220RSL, 2020 WL 4734930 *1 (W.D. Wash. 6/22/2020) ("While there is certainly a possibility that the Chinese authorities would construe the law narrowly so that it does not apply to foreign individuals who do not set foot within the borders of the People's Republic of China and who have the cooperation of the Chinese citizen being deposed … , the Court will not require defendant to bet on that outcome."); *United States v. Tao,* No. 19-20052-JAR, 2021 WL 5205446 *9 (D. Kan. 11/9.2021) ("Defendant fails to show that the proposed remote depositions would comply with Chinese law. Because the remote depositions would put participants at risk of violating Chinese law, the Court concludes that conducting the depositions will serve the interests of justice only if the Chinese government authorizes them."); *Junjiang Ji v. Jling Inc.*, No. 15-CV-4194 (SIL), 2019 WL 1441130, at *11 (E.D.N.Y. Mar. 31, 2019) (finding that conducting the plaintiff's trial testimony remotely while he was located in China violated Section 277 of the Civil Procedure Law of the People's Republic of China, which exposed Plaintiff and the questioning attorneys to legal sanctions).  The fact that are pandemic restrictions on travel to and from China do now warrant any exception.  *Yan v. Zhou,* 18-CV-4673(GRB)(JMW), 2021 WL 4059478 *3 (E.D. N.Y. 2021) (acknowledging that the defendant could not be deposed even remotely in China, the court ordered the defendant to appear in New York even though "[t]he Court fully recognized that traveling circumstances have changed in light of the unprecedented challenges the pandemic has caused the world."); *Inventus Power v. Shenzhen Ace Battery*, 339 F.R.D. 487 (N.D. Ill. 2021) ("it is undisputed that the 'law of China prohibits' depositions – voluntary or compelled – for use in foreign courts 'within the borders of People's Republic of China without permission' from Chinese authorities through the Hague Convention procedures" quoting Yan v. Zhou, 2021 WL 4059478, at *3).

Moreover, even if the deposition were to go forward in violation of Chinese law, any testimony obtained would be stricken because it was procured in violation of law.  *Junjiang Ji v. Jling Inc.*, 2019 WL 1441130, at *11 ("It is therefore undisputed that, by testifying via video link while located in mainland China, Ji violated Article 277 of the Chinese Civil Law.  By participating in those proceedings, Defendants' counsel and potentially all other parties involved violated Article 15 of the Regulations and, thus, could be fined under Article 30. Further, these violations potentially subjected the participating parties to deportation from China under Article 81 of the Administration Law as well as criminal liability under Article 13 of the Chinese Criminal Law. Accordingly, the Court grants

Defendants' motion to strike Ji's testimony in its entirety and to preclude Ji from further testifying remotely in this case.").

Happy to discuss at your convenience.

Best,

John
**John Shaeffer**
Partner
**Fox Rothschild LLP**
10250 Constellation Blvd.
Suite 900
Los Angeles, CA 90067
(310) 228-4481 - direct
(310) 556-9828 - fax
jshaeffer@foxrothschild.com
www.foxrothschild.com

---

**From:** Matt Lapple <Matt@lappleubell.com>
**Sent:** August 1, 2022 10:31 AM
**To:** Shaeffer, John J. <jshaeffer@foxrothschild.com>; Bornstein, Joshua <jbornstein@foxrothschild.com>; Jeffrey Wang <JeffreyWang@WHGCLaw.com>
**Cc:** Franklin D. Ubell <Frank@lappleubell.com>; Ha Lapple <Ha@lappleubell.com>
**Subject:** [EXT] Glam and Glits v. iGel -- Notice of Deposition of YiJian Jiang

Counsel –

Attached for service is the HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Notice of Deposition of YiJian Jiang.

Best,
Matt

**Matthew C. Lapple**
**LAPPLE UBELL IP LAW, LLP**
Patents | Trademarks | Copyrights | Trade Secrets
Prosecution, Licensing & Litigation Attorneys
Tel +1 949-756-4889 | Fax +1 949-242-9789

19800 MacArthur Blvd, 3rd Floor | Irvine, CA 92612
www.lappleubell.com | matt@lappleubell.com

This email contains information that may be confidential and/or privileged. If you are not the

intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.


This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

# EXHIBIT 4

| | |
|---|---|
| **From:** | Shaeffer, John J. |
| **To:** | Matt Lapple; Bornstein, Joshua; Jeffrey Wang |
| **Cc:** | Franklin D. Ubell; Ha Lapple; Wang, Tina |
| **Subject:** | Re: Glam and Glits v. iGel -- Notice of Deposition of YiJian Jiang |
| **Date:** | August 1, 2022 6:59:50 PM |

Matt,

You are playing games here.  We will seek relief from the court.

Mr. Wang,

Please confirm the location of the witness so we can ensure no violation of law will occur with this deposition.

Thank you,

John

---

**From:** Matt Lapple <Matt@lappleubell.com>
**Sent:** Monday, August 1, 2022 6:44:24 PM
**To:** Shaeffer, John J. <jshaeffer@foxrothschild.com>; Bornstein, Joshua <jbornstein@foxrothschild.com>; Jeffrey Wang <JeffreyWang@WHGCLaw.com>
**Cc:** Franklin D. Ubell <Frank@lappleubell.com>; Ha Lapple <Ha@lappleubell.com>; Wang, Tina <TWang@foxrothschild.com>
**Subject:** [EXT] RE: Glam and Glits v. iGel -- Notice of Deposition of YiJian Jiang

John –

I do not represent the witness.

As such, I cannot provide a confirmation as to where the witness will be at the time of the deposition.

Best,
Matt

**Matthew C. Lapple**
**LAPPLE UBELL IP LAW, LLP**
Patents | Trademarks | Copyrights | Trade Secrets
Prosecution, Licensing & Litigation Attorneys
Tel +1 949-756-4889 | Fax +1 949-242-9789

19800 MacArthur Blvd, 3rd Floor | Irvine, CA 92612
www.lappleubell.com | matt@lappleubell.com

---

**From:** Shaeffer, John J. <jshaeffer@foxrothschild.com>
**Sent:** Monday, August 1, 2022 6:10 PM
**To:** Matt Lapple <Matt@lappleubell.com>; Bornstein, Joshua <jbornstein@foxrothschild.com>;
Jeffrey Wang <JeffreyWang@WHGCLaw.com>

**Cc:** Franklin D. Ubell <Frank@lappleubell.com>; Ha Lapple <Ha@lappleubell.com>; Wang, Tina <TWang@foxrothschild.com>
**Subject:** Re: Glam and Glits v. iGel -- Notice of Deposition of YiJian Jiang


Mattt,

There is no issue of disagreement.  The issue is simply whether the witness will be in mainland China at the time of the deposition.  If so, we will move ex parte for a protective order because we will not participate in a violation of Chinese law that could expose all involved to liability.  Please confirm the location of the witness so we can act accordingly.

Best,

John

---

**From:** Matt Lapple <Matt@lappleubell.com>
**Sent:** Monday, August 1, 2022 5:50:24 PM
**To:** Shaeffer, John J. <jshaeffer@foxrothschild.com>; Bornstein, Joshua <jbornstein@foxrothschild.com>; Jeffrey Wang <JeffreyWang@WHGCLaw.com>
**Cc:** Franklin D. Ubell <Frank@lappleubell.com>; Ha Lapple <Ha@lappleubell.com>; Wang, Tina <TWang@foxrothschild.com>
**Subject:** [EXT] Re: Glam and Glits v. iGel -- Notice of Deposition of YiJian Jiang

John —

We have reviewed your email and disagree with Defendants' assertions and view of the law.

Plaintiff will proceed with the deposition as noticed.

Matthew C. Lapple
LAPPLE UBELL IP LAW, LLP
Tel +1 949-756-4889
Fax +1 949-242-9789
19800 MacArthur Blvd, 3rd Floor
Irvine, CA 92612

www.lappleubell.com
matt@lappleubell.com

---

**From:** Shaeffer, John J. <jshaeffer@foxrothschild.com>
**Sent:** Monday, August 1, 2022 12:18:27 PM
**To:** Matt Lapple <Matt@lappleubell.com>; Bornstein, Joshua <jbornstein@foxrothschild.com>;

Jeffrey Wang <JeffreyWang@WHGCLaw.com>; jeffreywang@whgclaw.com <jeffreywang@whgclaw.com>
**Cc:** Franklin D. Ubell <Frank@lappleubell.com>; Ha Lapple <Ha@lappleubell.com>; Wang, Tina <TWang@foxrothschild.com>
**Subject:** RE: Glam and Glits v. iGel -- Notice of Deposition of YiJian Jiang

Matt,

Please confirm that the witness will be sitting outside mainland China for this deposition.  If not, we cannot proceed with this deposition on August 3, and, if necessary, we will seek a protective order. *Tsien v. Board of Regents of University System of Georgia*, CV 121-008, 2021 WL 6617308 *2 (S.D. Ga. 2021) (finding defendant would be prejudiced by plaintiff taking the deposition of a Chinese resident remotely because such participation exposed them to possible deportation and criminal liability in China).  According to the U.S. State Department, even if the witness voluntarily agrees to sit for a deposition in China, everyone who participates in the deposition, including the witness, will be exposed to criminal liability and possibly deportation.  Here is a quote from the State Department's website

> China does not permit attorneys to take depositions in China for use in foreign courts. Under its Declarations and Reservations to the Hague Evidence Convention and subsequent diplomatic communications, China has indicated that taking depositions, whether voluntary or compelled, and obtaining other evidence in China for use in foreign courts may, as a general matter, only be accomplished through requests to its Central Authority under the Hague Evidence Convention.  Consular depositions would require permission from the Central Authority on a case by case basis and the Department of State will not authorize the involvement of consular personnel in a deposition without that permission. **Participation in such activity could result in the arrest, detention or deportation of the American attorneys and other participants.**

This would be particularly troubling for our side since the paralegal who will assist me has family that still resides in China.  I trust that you have informed the witness of this risk.

A number of court have read this Chinese prohibition as extending to remote deposition, meaning that lawyers and staff who participate from the United States face the risk of deportation and criminal prosecution.  *Zhizheng Wang v. Hull*, NO. C18-1220RSL, 2020 WL 4734930 *1 (W.D. Wash. 6/22/2020) ("While there is certainly a possibility that the Chinese authorities would construe the law narrowly so that it does not apply to foreign individuals who do not set foot within the borders of the People's Republic of China and who have the cooperation of the Chinese citizen being deposed … , the Court will not require defendant to bet on that outcome."); *United States v. Tao,* No. 19-20052-JAR, 2021 WL 5205446 *9 (D. Kan. 11/9.2021) ("Defendant fails to show that the proposed remote depositions would comply with Chinese law. Because the remote depositions would put participants at risk of violating Chinese law, the Court concludes that conducting the depositions will serve the interests of justice only if the Chinese government authorizes them.");

*Junjiang Ji v. Jling Inc.*, No. 15-CV-4194 (SIL), 2019 WL 1441130, at *11 (E.D.N.Y. Mar. 31, 2019)
(finding that conducting the plaintiff's trial testimony remotely while he was located in China
violated Section 277 of the Civil Procedure Law of the People's Republic of China, which exposed
Plaintiff and the questioning attorneys to legal sanctions).  The fact that are pandemic restrictions on
travel to and from China do now warrant any exception.  *Yan v. Zhou,* 18-CV-4673(GRB)(JMW), 2021
WL 4059478 *3 (E.D. N.Y. 2021) (acknowledging that the defendant could not be deposed even
remotely in China, the court ordered the defendant to appear in New York even though "[t]he Court
fully recognized that traveling circumstances have changed in light of the unprecedented challenges
the pandemic has caused the world."); *Inventus Power v. Shenzhen Ace Battery*, 339 F.R.D. 487 (N.D.
Ill. 2021) ("it is undisputed that the 'law of China prohibits' depositions – voluntary or compelled –
for use in foreign courts 'within the borders of People's Republic of China without permission' from
Chinese authorities through the Hague Convention procedures" quoting Yan v. Zhou, 2021 WL
4059478, at *3).

Moreover, even if the deposition were to go forward in violation of Chinese law, any testimony
obtained would be stricken because it was procured in violation of law.  *Junjiang Ji v. Jling Inc.*, 2019
WL 1441130, at *11 ("It is therefore undisputed that, by testifying via video link while located in
mainland China, Ji violated Article 277 of the Chinese Civil Law.  By participating in those
proceedings, Defendants' counsel and potentially all other parties involved violated Article 15 of the
Regulations and, thus, could be fined under Article 30. Further, these violations potentially subjected
the participating parties to deportation from China under Article 81 of the Administration Law as
well as criminal liability under Article 13 of the Chinese Criminal Law. Accordingly, the Court grants
Defendants' motion to strike Ji's testimony in its entirety and to preclude Ji from further testifying
remotely in this case.").

Happy to discuss at your convenience.

Best,

John

**John Shaeffer**
Partner
**Fox Rothschild LLP**
10250 Constellation Blvd.
Suite 900
Los Angeles, CA 90067
(310) 228-4481 - direct
(310) 556-9828 - fax
jshaeffer@foxrothschild.com
www.foxrothschild.com

**From:** Matt Lapple <Matt@lappleubell.com>

**Sent:** August 1, 2022 10:31 AM
**To:** Shaeffer, John J. <jshaeffer@foxrothschild.com>; Bornstein, Joshua <jbornstein@foxrothschild.com>; Jeffrey Wang <JeffreyWang@WHGCLaw.com>
**Cc:** Franklin D. Ubell <Frank@lappleubell.com>; Ha Lapple <Ha@lappleubell.com>
**Subject:** [EXT] Glam and Glits v. iGel -- Notice of Deposition of YiJian Jiang

Counsel –

Attached for service is the HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Notice of Deposition of YiJian Jiang.

Best,
Matt

**Matthew C. Lapple**
**LAPPLE UBELL IP LAW, LLP**
Patents | Trademarks | Copyrights | Trade Secrets
Prosecution, Licensing & Litigation Attorneys
Tel +1 949-756-4889 | Fax +1 949-242-9789

19800 MacArthur Blvd, 3rd Floor | Irvine, CA 92612
www.lappleubell.com | matt@lappleubell.com

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

# EXHIBIT 5

| | |
|---|---|
| **From:** | Kristina Stubbs |
| **To:** | Shaeffer, John J.; matt@lappleubell.com; jeffreywang@whgclaw.com; frank@lappleubell.com |
| **Cc:** | techsupport@planetdepos.com; Planet Depos International Department |
| **Subject:** | Re: [EXT] 458722 - ZOOM - YiJian Jiang - Glam and Glits Nail Design, inc -v- iGel Beauty, LLC - 8/4/2022 9:00AM CHINA - 8/3/2022 9:00PM EDT/USA |
| **Date:** | August 2, 2022 7:31:53 AM |

Good morning,

Thank you for your email. If the witness will be attending the deposition from mainland China, unfortunately, we are unable provide coverage. We will await word from counsel before moving forward with our services.

Kindly,

International Scheduling
**Worldwide Court Reporting & Litigation Technology**
**t** 888.433.3767 | **f** 888.503.3767
International@planetdepos.com | planetdepos.com

**Did we Make It Happen for you today? Please tell us about your experience**.


----------- Forwarded message -----------
From: jshaeffer@foxrothschild.com
Date: August 1, 2022, 9:25 PM EDT
Subject: [EXT] 458722 - ZOOM - YiJian Jiang - Glam and Glits Nail Design, inc -v- iGel Beauty, LLC - 8/4/2022 9:00AM CHINA - 8/3/2022 9:00PM EDT/USA
To: techsupport@planetdepos.com, jbornstein@foxrothschild.com
Cc: matt@lappleubell.com, jeffreywang@whgclaw.com, frank@lappleubell.com

**[EXTERNAL]**



Mr. Bortolini,

Please see the attached email to Mr. Lapple that clearly states that the deposition of a Chinese citizen that occurs in mainland China violates Chinese law and exposes all involved, including any court reporter or video technician to criminal liability and potential deportation to China.  Mr. Lapple refuses to confirm where the witness will be at the time of his deposition, which leads us to conclude that he will be in mainland China.  I strongly suggest that you forward this email to your supervisors so that they are aware of the risks your firm will be undertaking if this deposition proceeds as you have suggested.

We intend to seek a protective order from the court since we do not want to participate in any procedure that violates Chinese law, especially since one of the

participants in my firm has family that continues to reside in mainland China.

I will be happy to discuss this with anyone at your company tomorrow.  Obviously, we would prefer to not to have to seek extraordinary relief from the Court, but Mr. Lapple seems unwilling to discuss this issue whatsoever.

I can be reached in the office tomorrow beginning at around 7:00 a.m. tomorrow.

Best,

John
**John Shaeffer**
Partner
**Fox Rothschild LLP**
10250 Constellation Blvd.
Suite 900
Los Angeles, CA 90067
(310) 228-4481 - direct
(310) 556-9828 - fax
jshaeffer@foxrothschild.com
www.foxrothschild.com

---

**From:** Jon Bortolini <techsupport@planetdepos.com>
**Sent:** August 1, 2022 5:46 PM
**To:** Bornstein, Joshua <jbornstein@foxrothschild.com>; Shaeffer, John J. <jshaeffer@foxrothschild.com>
**Subject:** [EXT] 458722 - ZOOM - YiJian Jiang - Glam and Glits Nail Design, inc -v- iGel Beauty, LLC - 8/4/2022 9:00AM CHINA - 8/3/2022 9:00PM EDT/USA

Greetings from Planet Depos,

Below is the link you will need to connect to the video conference
YiJian Jiang - Glam and Glits Nail Design, inc -v- iGel Beauty, LLC

 8/4/2022 - 9:00AM CHINA

8/3/2022 - 9:00PM EDT/USA

**\*\*ZOOM\*\***

**Meeting Link: https://planetdepos.zoom.us/j/92619033119**

**Meeting ID: 926 1903 3119**

**Passcode: 681682**

**Call in #: 301 715 8592**
**Meeting ID: 926 1903 3119**
**Passcode: 681682**

Please let us know if you have any questions.

If you would like an in depth look at how Planet Depos conducts remote depositions using Zoom, please **click here** to watch our Zoom training video.

Thank you,

**Jon Bortolini** | Planet Depos
**Tech Support Specialist**
Worldwide Court Reporting, Interpretation, and Trial Services
**t** 888.433.3767 | **f** 888.503.3767
techsupport@planetdepos.com | planetdepos.com

**Did we Make It Happen for you today? Please tell us about your experience**.

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

*Confidentiality Notice:* *The information contained in this e-mail transmission and any attachments hereto constitutes confidential and/or privileged information. This information is intended for the sole use of the individual or entity to whom it is addressed. If you are not the intended recipient of this e-mail, you are hereby notified that any disclosure, copying, forwarding, distribution, or the taking of any action in reliance on this information, is strictly prohibited. If you have received this e-mail in error, please immediately notify us by telephone 888.433.3767 or by mail at 451 Hungerford Drive Suite 400, Rockville, MD 20850, to arrange for the return of this e-mail and contents.*

*Confidentiality Notice:* *The information contained in this e-mail transmission and any attachments hereto constitutes confidential and/or privileged information. This information is intended for the sole use of the individual or entity to whom it is addressed. If you are not the intended recipient of this e-mail, you are hereby notified that any disclosure, copying, forwarding, distribution, or the taking of any action in reliance on this information, is strictly prohibited. If you have received this e-mail in error, please immediately notify us by telephone 888.433.3767 or by mail at 451 Hungerford Drive Suite 400, Rockville, MD 20850, to arrange for the return of this e-mail and contents.*

# EXHIBIT 6

| | |
|---|---|
| **From:** | Shaeffer, John J. |
| **To:** | Matt Lapple; Franklin D. Ubell; Jeffrey Wang |
| **Cc:** | Bornstein, Joshua; Wang, Tina |
| **Bcc:** | {F18133365}.Active@wcs.foxrothschild.com |
| **Subject:** | FW: [EXT] 458722 - ZOOM - YiJian Jiang - Glam and Glits Nail Design, inc -v- iGel Beauty, LLC - 8/4/2022 9:00AM CHINA - 8/3/2022 9:00PM EDT/USA |
| **Date:** | August 2, 2022 8:02:33 AM |

Matt,

Since your existing reporter is unwilling to violate Chinese law and proceed with this deposition. Please let me know promptly if you intend to proceed with the deposition tomorrow because, if so, we will, as I mentioned, be moving ex parte for a protective order.  Obviously, we would prefer not to burden the Court if you are now tolling the deposition until such time as it can be conducted in a manner that does not violate Chinese law.

Best,

John

**John Shaeffer**
Partner
**Fox Rothschild LLP**
10250 Constellation Blvd.
Suite 900
Los Angeles, CA 90067
(310) 228-4481 - direct
(310) 556-9828 - fax
jshaeffer@foxrothschild.com
www.foxrothschild.com

---

**From:** Kristina Stubbs <international@planetdepos.com>
**Sent:** August 2, 2022 7:30 AM
**To:** Shaeffer, John J. <jshaeffer@foxrothschild.com>; matt@lappleubell.com; jeffreywang@whgclaw.com; frank@lappleubell.com
**Cc:** techsupport@planetdepos.com; Planet Depos International Department <international@planetdepos.com>
**Subject:** Re: [EXT] 458722 - ZOOM - YiJian Jiang - Glam and Glits Nail Design, inc -v- iGel Beauty, LLC - 8/4/2022 9:00AM CHINA - 8/3/2022 9:00PM EDT/USA

Good morning,

Thank you for your email. If the witness will be attending the deposition from mainland China, unfortunately, we are unable provide coverage. We will await word from counsel before moving forward with our services.

Kindly,

International Scheduling
**Worldwide Court Reporting & Litigation Technology**
**t** 888.433.3767 | **f** 888.503.3767
International@planetdepos.com | planetdepos.com

**Did we Make It Happen for you today? Please tell us about your experience**.


----------- Forwarded message -----------
From: jshaeffer@foxrothschild.com
Date: August 1, 2022, 9:25 PM EDT
Subject: [EXT] 458722 - ZOOM - YiJian Jiang - Glam and Glits Nail Design, inc -v- iGel Beauty, LLC - 8/4/2022 9:00AM CHINA - 8/3/2022 9:00PM EDT/USA
To: techsupport@planetdepos.com, jbornstein@foxrothschild.com
Cc: matt@lappleubell.com, jeffreywang@whgclaw.com, frank@lappleubell.com

**[EXTERNAL]**


Mr. Bortolini,

Please see the attached email to Mr. Lapple that clearly states that the deposition of a Chinese citizen that occurs in mainland China violates Chinese law and exposes all involved, including any court reporter or video technician to criminal liability and potential deportation to China.  Mr. Lapple refuses to confirm where the witness will be at the time of his deposition, which leads us to conclude that he will be in mainland China.  I strongly suggest that you forward this email to your supervisors so that they are aware of the risks your firm will be undertaking if this deposition proceeds as you have suggested.

We intend to seek a protective order from the court since we do not want to participate in any procedure that violates Chinese law, especially since one of the participants in my firm has family that continues to reside in mainland China.

I will be happy to discuss this with anyone at your company tomorrow.  Obviously, we would prefer to not to have to seek extraordinary relief from the Court, but Mr. Lapple seems unwilling to discuss this issue whatsoever.

I can be reached in the office tomorrow beginning at around 7:00 a.m. tomorrow.

Best,

John
**John Shaeffer**
Partner
**Fox Rothschild LLP**
10250 Constellation Blvd.
Suite 900
Los Angeles, CA 90067
(310) 228-4481 - direct
(310) 556-9828 - fax
jshaeffer@foxrothschild.com
www.foxrothschild.com

**From:** Jon Bortolini <techsupport@planetdepos.com>
**Sent:** August 1, 2022 5:46 PM
**To:** Bornstein, Joshua <jbornstein@foxrothschild.com>; Shaeffer, John J. <jshaeffer@foxrothschild.com>
**Subject:** [EXT] 458722 - ZOOM - YiJian Jiang - Glam and Glits Nail Design, inc -v- iGel Beauty, LLC - 8/4/2022 9:00AM CHINA - 8/3/2022 9:00PM EDT/USA

Greetings from Planet Depos,

Below is the link you will need to connect to the video conference
==YiJian Jiang - Glam and Glits Nail Design, inc -v- iGel Beauty, LLC==

 **8/4/2022 - 9:00AM CHINA**

**8/3/2022 - 9:00PM EDT/USA**

**\*\*ZOOM\*\***

**Meeting Link: https://planetdepos.zoom.us/j/92619033119**

**Meeting ID: 926 1903 3119**
**Passcode: 681682**

**Call in #: 301 715 8592**
**Meeting ID: 926 1903 3119**
**Passcode: 681682**

Please let us know if you have any questions.

If you would like an in depth look at how Planet Depos conducts remote depositions using Zoom, please **click here** to watch our Zoom training video.

Thank you,


**Jon Bortolini** | Planet Depos
**Tech Support Specialist**
Worldwide Court Reporting, Interpretation, and Trial Services
**t** 888.433.3767 | **f** 888.503.3767
techsupport@planetdepos.com | planetdepos.com

**Did we Make It Happen for you today? Please tell us about your experience**.


This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

*Confidentiality Notice: The information contained in this e-mail transmission and any attachments hereto constitutes confidential and/or privileged information. This information is intended for the sole use of the individual or entity to whom it is addressed. If you are not the intended recipient of this e-mail, you are hereby notified that any disclosure, copying, forwarding, distribution, or the taking of any action in reliance on this information, is strictly prohibited. If you have received this e-mail in error, please immediately notify us by telephone 888.433.3767 or by mail at 451 Hungerford Drive Suite 400, Rockville, MD 20850, to arrange for the return of this e-mail and contents.*

*Confidentiality Notice: The information contained in this e-mail transmission and any attachments hereto constitutes confidential and/or privileged information. This information is intended for the sole use of the individual or entity to whom it is addressed. If you are not the intended recipient of this e-mail, you are hereby notified that any disclosure, copying, forwarding, distribution, or the taking of any action in reliance on this information, is strictly prohibited. If you have received this e-mail in error, please immediately notify us by telephone 888.433.3767 or by mail at 451 Hungerford Drive Suite 400, Rockville, MD 20850, to arrange for the return of this e-mail and contents.*