UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 20-00088-JVS (DFMx) | Date: | September 30, 2022 |
|---|---|---|---|
| Title | Glam and Glitz Nail Design, Inc. v. iGel Beauty, LLC et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Granting Defendants' Application for Order for Protective Order (Dkt. 257)

I. BACKGROUND

On June 21, 2022, Plaintiff filed a declaration from YiJian Jiang ("Jiang"), a Chinese national, who claimed to have drawn the relevant schematics in this patent dispute. On August 1, 2022, Plaintiff filed notice of its intent to take the remote deposition of Mr. Jiang on August 3, 2022. After learning that Mr. Jiang intended to sit for his deposition within mainland China, Defendants moved ex parte for a protective order, arguing that the deposition violated Chinese law. See Dkt. 257. Plaintiff opposed, see Dkt. 258, and Judge Selna referred the matter to this Court, see Dkt. 262. During a telephonic hearing, the Court set forth its initial position that it would not allow the remote deposition to go forward. See Dkt. 266. Nevertheless, the Court granted Plaintiff's request to file additional briefing, which Plaintiff has done. See Dkt. 267 ("Motion"). Defendants filed an Opposition, see Dkt. 269 ("Opp'n"), and Plaintiff filed a Reply, see Dkt. 271.

II. DISCUSSION

The central dispute is whether Article 284 of the Chinese Civil Procedure Law permits the remote deposition of a Chinese citizen located in mainland China. "In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed. R. Civ. P. 44.1; see also Animal Sci. Prods. v. Hebei Welcome Pharm. Co., 138 S.Ct. 1865, 1879-80 (2018) ("[T]he court may engage in its own research and consider any relevant material thus found.") (citation and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Article 277, the predecessor to Article 284 (and identical to it), has been translated as follows:

> Request for and to provide judicial assistance shall be made through channels prescribed by international treaties concluded or acceded to by the People's Republic of China; or in the absence of such a treaty, shall be made through diplomatic channels.
>
> A foreign embassy or consulate to the People's Republic of China may serve process on and investigate and collect evidence from its citizens but shall not violate the laws of the People's Republic of China and shall not take compulsory measures.
>
> Except for the circumstances in the preceding paragraph, no foreign authority or individual shall, without permission from the competent authorities of the People's Republic of China, serve process or conduct investigation and collection of evidence within the territory of the People's Republic of China.

Sun Grp. U.S.A. Harmony City, Inc. v. CRRC Corp., No. 17-2191, 2019 WL 6134958, at *1 (N.D. Cal. Nov. 19, 2019).

According to Plaintiff, and its Chinese legal expert, Robert K. Wagner, Article 284 prohibits foreign courts from collecting evidence within China without prior authorization but does not contemplate a foreign litigant self-collecting testimony from a willing Chinese witness. See Motion at 10-12; Dkt. 267-1 ("Wagner Decl."). Mr. Wagner contends that the operative phrase "conduct investigation and collect evidence" is a term of art in Chinese civil procedure, which refers to the actions of a court to collect evidence, not to self-collected evidence by a litigant, such as voluntary testimony from a willing third-party, and thus Article 284's prohibition would not apply. See Wagner Decl. ¶¶ 19-20, 28-29. Additionally, Mr. Wagner contends that a remote deposition is removed from Article 284's concerns because the deposition of a Chinese citizen by attorneys and deposition officers located outside of China do not threaten Chinese territorial sovereignty. See id. ¶¶ 30-33. Mr. Wagner also notes that China provides no express sanction for violation of Article 284. See id. ¶¶ 34-38.

Plaintiff acknowledges that U.S. State Department guidance (set forth in detail below) and prior district court cases seem to support Defendants' position. Plaintiff argues, however, that those sources are vague, irrelevant, unsupported, or plain incorrect. See Motion at 12-15; Wagner Decl. ¶¶ 25-29, 34-38, 40-57. Finally, Plaintiff argues that Mr. Jiang lives 580 miles from Hong Kong and Macau (where depositions of individuals located in mainland China often take place), and his "informed choice – and his convenience, should be respected, if not prioritized." Motion at 15-16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Defendants contend that Plaintiff's interpretation is contrary to the plain language of Article 284, which states that no "foreign authority or individual" shall "investigate and collect evidence" within mainland China without permission. See Opp'n at 15. While Defendants agree that Article 284 permits a Chinese citizen to informally provide documents to a foreign proceeding, Defendants argue that "deposing witnesses" is "an investigative power reserved for Chinese judicial and executive authorities" that does not fall within the ambit of "self-collection." Id. (citing Motorola v. Hytera, 365 F.Supp.3d 916, 927 (N.D. Ill. 2019) (quoting affidavit from an attorney in China – a former judge there – stating that Article 277 refers to acts like deposing witnesses for the purpose of a judicial proceeding, but not voluntary production of documents or voluntary disclosure of information)).

Furthermore, Defendants argue that Plaintiff's interpretation is undermined by other experts, such as Professor Jie (Jeanne) Huang, whose declaration Plaintiff submitted as Exhibit 11 to Mr. Wagner's declaration. See Opp'n at 15-17; Dkt. 267-12 ("Huang Decl."). According to Defendants, Professor Huang suggests that self-collection applies only to written discovery, whereas depositions in mainland China would violate Article 277. See id. ¶¶ 33 ("Depositions outside of Mainland China do not violate Article 277 because Article 277 applies only to the taking of evidence in Mainland China."), 36 ("Cross-examining or deposing a Chinese witness located in Mainland China via video link is different from conducting depositions—by video link or otherwise—wholly outside of Mainland China. There is no violation of Article 277 if a deposition is taken outside Mainland China."). Additionally, Defendants note that at least one federal court has rejected Mr. Wagner's interpretation of Article 284. See Modern Investment, Inc. v. Sunleader (Saipan) Co., No. 19-0266 (N. Mar. I. Commw. Apr. 8, 2021) at 14 (stating that Mr. Wagner's law article "did not cite to any case law which supports his opinion, in making his assertions").[1]

Next, Defendants contend that U.S. State Department guidance addresses the question of voluntary testimony in a document titled, "Taking Voluntary Depositions of Willing Witnesses."[2] That document states: "China does not permit attorneys to take depositions in China for use in foreign courts. Under its Declarations and Reservations to the Hague Evidence Convention and subsequent diplomatic communications, China has indicated that taking depositions, whether voluntary or compelled, and obtaining other evidence in China for use in foreign courts may, as a general matter, only be accomplished

---

[1] The opinion is attached to the Declaration of John Shaeffer as Exhibit 1. See Dkt. 269-2.

[2] Taking Voluntary Depositions of Willing Witnesses, U.S. Dep't of State Bureau of Consular Affairs China Judicial Assistance Information (2019), available at https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

through requests to its Central Authority under the Hague Evidence Convention." <u>Id.</u> Additionally, the document states that "[p]articipation in such an activity could result in the arrest, detention or deportation of the American attorneys and other participants." <u>Id.</u>

Finally, Defendants cite no less than twenty federal cases rejecting requests to depose Chinese citizens in mainland China. <u>See</u> Opp'n at 18-21 (citing cases). Some of those cases have found that the prohibitions of Article 277 extend to remote testimony that is taken from mainland China. <u>See</u> <u>Junjiang Ji v. Jling Inc.</u>, No. 15-4194, 2019 WL 1441130, at *11 (E.D.N.Y. Mar. 31, 2019) (finding that conducting plaintiff's trial testimony remotely while he was located in China violated Article 277, and terminating that testimony out of concern about the potential impact of foreign law); <u>see also</u> <u>Shenzen Synergy Digital Co. v. Mingtel, Inc.</u>, No. 19-216, 2021 WL 6072565, at *3 (E.D. Tx. Dec. 23, 2021) (discussing <u>Junjiang Ji</u> and noting that video depositions of Chinese nationals have long been conducted in Hong Kong and Macau).

In its Reply, Plaintiff notes that at least one court has affirmatively ordered a remote deposition in mainland China to go forward, <u>Wu v. Sushi Nomado of Manhattan, Inc.</u>, No. 17-4661, 2021 WL 7186735 (S.D.N.Y. Oct. 29, 2021). The circumstances of that case, however, are unique. There, the defendant moved for terminating sanctions based on the plaintiff's continued failure to make himself available for a deposition. <u>See</u> <u>id.</u> at *1. Early on, plaintiff's counsel indicated that plaintiff would need to travel to Hong Kong, Macau, or Taiwan to give deposition testimony, but made little effort to do so. <u>See</u> <u>id.</u> at *1-*5. Noting that Chinese law "at least prohibits attorneys from taking depositions in China for use in foreign courts," the court considered the seven factors drawn from <u>Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court</u>, 482 U.S. 522 (1987) to determine whether the discovery should proceed in violation of foreign law. <u>Wu</u>, 2021 WL 7186735, at *7-*11. The court found that although the sixth factor, the hardship of compliance, weighed in plaintiff's favor, it had "little basis to find that hardship to be so substantial that it should be outcome determinative," given that the other six factors favored defendants. <u>See</u> <u>id.</u> Accordingly, the court gave plaintiff several options, one of which was to make himself available for a remote deposition either from within China, or another location. <u>See</u> <u>id.</u> at *12. Unlike <u>Wu</u>, the Court here is not faced with a party that has refused to comply with a U.S. discovery order. In fact, the situation is quite different, as Mr. Jiang is a non-party who is amenable to discovery within mainland China. But Mr. Jiang's willingness to chance any potential consequences is not a reason to potentially violate Chinese law. There are larger comity concerns at play, not to mention the risk (however significant) to Defendants' counsel by participating in Mr. Jiang's deposition.

The Court has carefully read and considered Article 284, the expert testimony, and the caselaw. Plaintiff's efforts to draw distinctions between voluntary and non-voluntary testimony, party and third-party depositions, and live and remote testimony are plausible. Nevertheless, the Court concludes that Chinese law bars Plaintiff from remotely taking Mr.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Jiang's deposition while he is in mainland China. The Court is persuaded that the term "investigate and collect evidence" in Article 284 is best understood to encompass depositions of all types. The Court is also strongly swayed by both the State Department's guidance and the extensive and well-reasoned case law. As well-stated by one court, "While there is certainly a possibility that the Chinese authorities would construe the law narrowly so that it does not apply to foreign individuals who do not set foot within the borders of the People's Republic of China and who have the cooperation of the Chinese citizen being deposed, the Court will not require defendant to bet on that outcome." Zhizheng Wang v. Hull, No. 18-1220, 2020 WL 4734930, at *1 (W.D. Wa. June 22, 2020).

III.     CONCLUSION

For the foregoing reasons, Defendants' request for a protective order precluding the taking of Mr. Jiang's deposition until such time that Plaintiff can provide assurance that the witness will sit for the deposition outside mainland China is GRANTED.